UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04 12577 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CRAIG GOULET,               *
     Plaintiff              *
                            *   MAGISTRATE JUDGE _____
v.                          *
                            *   COMPLAINT
NEW PENN MOTOR EXPRESS, INC., and *
TEAMSTERS LOCAL 25,         *
INTERNATIONAL BROTHERHOOD OF *
TEAMSTERS,                  *
     Defendants             *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # 110683
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 12/9/04

1.   This is an action under 29 U.S.C. §185.

2.   Plaintiff Craig Goulet is an individual who resides in Hudson, Massachusetts.

3.   Defendant New Penn Motor Express, Inc. (hereinafter known as "New Penn") is a corporation engaged in the trucking business. It does business in Massachusetts, having a trucking terminal in Billerica, Massachusetts.

4.   Defendant Teamsters Local 25, International Brotherhood of Teamsters (hereinafter known as "Local 25") is a labor organization as that term is defined for the purposes of 29 U.S.C. §185, having offices in Boston, Massachusetts.

5.   Goulet has been a member of Local 25 since approximately 1987. Goulet has been a member of the Teamsters Union since approximately 1979 at which time he began working in the trucking industry in various capacities for various employers.

6.   As of March, 1987, Goulet was working for a trucking company called A.P.A. Transport Corporation at its Canton, Massachusetts, terminal. A.P.A. Transport Corporation had a

1

collective bargaining agreement with Local 25, and Goulet was covered by that collective bargaining agreement.

7. Goulet was severely injured on the job at A.P.A. Transport Corporation on March 11, 1987. By letter dated March 12, 1987, A.P.A. Transport Corporation terminated Goulet's employment effective March 11, 1987, alleging that Goulet's accident was caused by his gross negligence.

8. Goulet grieved his termination from A.P.A. Transport Corporation through Local 25 under its collective bargaining agreement with A.P.A. Transport Corporation.

9. On October 16, 2001, Goulet's termination grievance was presented to the Southern New England Joint Area Committee, and a decision was rendered in favor of Goulet, reinstating him to his former position at A.P.A. Transport Corporation.

10. Goulet was placed back on the A.P.A. Transport Corporation seniority list as of November, 2001.

11. In approximately mid February, 2002, A.P.A. Transport Corporation ceased operations.

12. When A.P.A. Transport Corporation ceased operations, defendant New Penn purchased some of the assets of A.P.A. Transport Corporation and negotiated an agreement with Local 25 whereby all employees with seniority at A.P.A. Transport Corporation had the right to be put on the New Penn call list within the area where they currently are employed.

13. When A.P.A. Transport Corporation closed its operation, Goulet spoke to a Local 25 Steward at A.P.A. Transport Corporation named Doug Francey and indicted that he wanted to be put on the New Penn call list for the Billerica, Massachusetts, terminal.

14. Despite being on A.P.A. Transport Corporation's seniority list, New Penn, in violation of its

agreement with Local 25, never put Goulet on New Penn's call list and never gave Goulet the opportunity to bid on a location. Goulet was not put on the New Penn call list for the Billerica, Massachusetts, terminal.

15. On April 7, 2003, Goulet filed a grievance with Local 25 against New Penn for violation of the National Freight Agreement along with the New England Supplemental Freight Agreement due to its failure to abide by the agreement between TNFINC and NPME as a result of the closure of A.P.A. Transport Corporation.

16. On July 28, 2004, Goulet's grievance was presented to the Eastern Region Joint Area Committee, and a decision was rendered in favor of New Penn, on the basis that Local 25 had not docketed the case within thirty (30) days.

17. Under Article 7, Section 2, paragraph 9 of the National Freight Agreement along with the New England Supplemental Freight Agreement, a local union must file all approved grievances with the appropriate grievance committee or association for decision no later than 30 days after the local union receives the grievance.

18. Upon information and belief, Local 25 never filed Goulet's grievance against New Penn to any grievance committee or association.

19. When New Penn failed to put Goulet on its call list, it breached the collective bargaining agreement then in effect between New Penn and Local 25

20. Local 25's failure to timely file and pursue Goulet's grievance against New Penn was arbitrary, capricious and in bad faith. As such, Local 25 breached its duty of fair representation with regard to Goulet and his grievance.

21. Due to said breach by Local 25, Goulet hereby also brings this action against New Penn

directly for its breach of the collective bargaining agreement with regard to its failure to put him on the call list.

22. New Penn's failure to put Goulet on its call list has caused Goulet to suffer damages.

WHEREFORE plaintiff demands:

    A. Judgment against the defendants;

    B. Proper placement on New Penn's call list;

    C. All lost moneys and benefits;

    D. Compensatory damages;

    E. Punitive damages;

    F. Attorney's fees;

    G. Interest and costs; and

    H. Any other remedy this Court deems meet and just.

PLAINTIFF DEMANDS A JURY TRIAL

                              Craig Goulet

                              By his attorney

                              */s/ Scott A. Lathrop*
                              Scott A. Lathrop, Esq.
                              Scott A. Lathrop & Associates
                              122 Old Ayer Road
                              Groton, MA 01450
                              (978) 448-8234
                              BBO No. 287820

Dated: December 9, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) GOULET v. NEW PENN MOTOR EXPRESS

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   04 12577 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES NO ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES NO ___ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME     SCOTT A. LATHROP
ADDRESS             122 OLD AYER ROAD, GROTON, MA 01450
TELEPHONE NO.       978-448-8234

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

CRAIG GOULET

**DEFENDANTS**

NEW PENN MOTOR EXPRESS, INC., and TEAMSTERS, LOCAL 25, INTERNATIONAL BROTHERHOOD OF TEAMSTERS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** MIDDLESEX
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** MIDDLESEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

SCOTT A. LATHROP, P.C.
122 OLD AYER ROAD
GROTON, MA 01450
978-448-8234

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

VIOLATION OF LABOR AGREEMENT AND DUTY OF FAIR REPRESENTATION, UNDER 29 USC 185

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** LOST MONIES

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

NONE

DATE 12/9/04

SIGNATURE OF ATTORNEY OF RECORD
Scott A. Lathrop

UNITED STATES DISTRICT COURT