UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 JLT

*****************************************
CRAIG GOULET,                            *
   Plaintiff                             *
                                          *
   v.                                    *
                                          *
NEW PENN MOTOR EXPRESS, INC., and        *
TEAMSTERS LOCAL 25,                      *
INTERNATIONAL BROTHERHOOD OF             *
TEAMSTERS,                               *
   Defendants                            *
*****************************************

**PLAINTIFF'S OPPOSITION TO DEFENDANT NEW PENN MOTOR EXPRESS' MOTION TO COMPEL PLAINTIFF'S EXECUTION OF AN AUTHORIZATION FOR THE RELEASE OF HIS SOCIAL SECURITY DISABILITY FILE**

     Plaintiff Craig Goulet hereby opposes the Motion of defendant New Penn Motor Express to compel plaintiff's execution of an authorization for the release of his <u>entire</u> social security disability file. Because defendant New Penn Motor Express has failed to even serve Goulet with a Request for Production of Documents, Goulet has never had the opportunity to formally record his position on such a request. This procedural failure on the defendant New Penn Motor Express has now allowed New Penn Motor Express to totally misrepresent to the Court the nature of Goulet's position and response to this issue. Had defendant New Penn Motor Express followed the standard Rules of Procedure, this matter most likely would not even be in front of the Court.

     The full basis for this Opposition is as follows:

1

Background

1. This is an action under 29 U.S.C. §185 against a labor organization for breach of its duty of fair representation and against an employer for breach of a labor agreement.

2. Plaintiff Craig Goulet is a member of defendant Teamsters Local 25. He was an employee of a trucking company called A.P.A. Transport Corporation when it ceased operations. (Complaint, ¶ 5 - 6, 10-11)

3. In February, 2002, defendant New Penn Motor Express negotiated an agreement with Teamsters Local 25 whereby all employees with seniority at A.P.A. Transport Corporation had the right to be put on a New Penn Motor Express call list within the area where they were then employed. (Comp. , ¶ 12)

4. Despite being on A.P.A. Transport Corporation's seniority list, New Penn Motor Express never put Goulet on its call list. (Comp., ¶ 14)

5. On April 7, 2003, Goulet filed a grievance with Teamsters Local 25 against New Penn Motor Express. However, on July 28, 2004, the Eastern Region Joint Area Committee rendered a decision in favor of New Penn Motor Express on the basis that Teamsters Local 25 had not docketed the case within thirty (30) days as required. This lawsuit then ensued. (Comp., ¶ 15 -16)

Matters Currently In Dispute

6. On October 4, 2005, Teamsters Local 25 and New Penn Motor Express took the deposition of Goulet. At that deposition Goulet testified that he was currently receiving social security disability benefits. Counsel for New Penn Motor Express on October 6, 2005, then wrote to the undersigned, requesting that Goulet execute an authorization that would direct the

   Social Security Administration to turn over its <u>complete</u> file directly to New Penn Motor Express. (Exhibit A to Memorandum in Support of Motion of New Penn Motor Express)

7. On October 12, 2005, counsel for all parties attended two short depositions. Immediately prior to those depositions counsel for New Penn Motor Express asked the undersigned about the Social Security Administration authorization. The undersigned stated that the request should be made, not informally as New Penn Motor Express had done, but formally through a Request for Production of Documents so that Goulet could formally respond and produce himself the medical records in his Social Security Administration file.

8. Counsel for New Penn Motor Express adamantly refused to serve a Request for Production of Documents and said as much.

   a. First, counsel for New Penn Motor Express contended that Goulet was not in a position to "produce" records located at the Social Security Administration. The undersigned replied that under Rule 34 of the Rules of Civil Procedure, any plaintiff was obligated to "produce" discoverable documents which "are in the possession, custody or control" of a party. The undersigned further stated that under applicable case law, a party's medical records in the hands of another entity such as the Social Security Administration were records under the "control" of that party.

   b. Then counsel for New Penn Motor Express (who is an out-of-state attorney not previously known to the undersigned) had the temerity to tell the undersigned (who has been practicing law for over 30 years and who has been practicing in this jurisdiction for over 25 years) that he would not serve a Request for Production of Documents because he did not "trust" the undersigned to turn over to him all the

        medical records produced by the Social Security Administration.[1]

9. Following the foregoing insult, the attempt to resolve the purported discovery dispute ended.

Argument

10. Contrary to the October 12, 2005, assertion by counsel for New Penn Motor Express, 2005, Rule 34 of the Rules of Civil Procedure obligates a plaintiff to "produce" documents which "are in the possession, custody or control" and this obligation applies to medical records in the hands of another. In fact, that is precisely the holding in primary case New Penn Motor Express relies on – attached as Exhibit B to its Motion. In Greenberg v. U.S., 1990 U.S. Dist. LEXIS 12091, at *8 (D. Ma. 1990), Magistrate Joyce Alexander specifically held that medical records held by another fall under the phrase "control" as it appears in Rule 34:

> "'Control' for purposes of the Rule is established where, although the party does not have physical possession of the requested documents, she has the legal right to obtain them. In re Folding Carton Antitrust Litigation, 76 F.R.D. 420 (N.D.Ill. 1977); 18 Wright & Miller, Federal Practice & Procedure, § 2210; 4A Moore's Federal Practice, § 35.17."

11. Contrary to the implication made by New Penn Motor Express in its Motion, it is <u>not</u> Goulet's position that the medical records in his Social Security disability file are not discoverable. In fact, Goulet concedes that these medical records are discoverable (subject to a confidentiality agreement or stipulated protective order.)

12. What Goulet does object to (in addition to counsel's insult) is the fact that New Penn Motor Express has not limited its Motion to these medical records. It begins its argument with the

---

[1] This is a very strange comment to be made by any officer of the court. Goulet, of course, has relied on counsel for New Penn Motor Express to honestly and fully produce all relevant requested documents in the possession, custody or control of New Penn Motor Express.

heading: "Plaintiff's <u>Complete Social Security File</u>, Including The Medical Records Contained Therein, Is Relevant And Discoverable." (Memorandum, p. 4) [emphasis added] Later, New Penn Motor Express states: "Plaintiff's <u>social security file</u>, including the medical records contained therein, is not subject to any privilege." Memorandum, p. 5) [emphasis added]

13. Contrary to New Penn Motor Express' wishes, it is not necessarily entitled to see any and all information in Goulet's Social Security file, especially information that is over and above medical records contained therein. In fact, New Penn Motor Express had not laid out any argument whatsoever for the production of anything other than the medical records in the possession of the Social Security Administration. Who knows what personal, but irrelevant, information may be contained in a "complete" Social Security file?

14. Therefore the Motion of defendant New Penn Motor Express should be denied to the extent that New Penn Motor Express seeks anything other than Goulet's medical records in the possession of the Social Security Administration. Goulet remains prepared to produce these medical records (subject to a confidentiality agreement or stipulated protective order) despite New Penn Motor Express' failure to observe Rule 34. As stated, had New Penn Motor Express followed Rule 34, the position of the parties regarding medical and non-medical information could have been made clear.

        Craig Goulet

        By his attorney

        */s/ Scott A. Lathrop*

        _____
        Scott A. Lathrop, Esq.
        Scott A. Lathrop & Associates
        122 Old Ayer Road
        Groton, MA 01450
        (978) 448-8234
        BBO No. 287820

Dated: October 28, 2005

## Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Opposition on the defendants by mailing this day a copy to the last known address of their Attorneys of Record.

        */s/ Scott A. Lathrop*

        _____
        Scott A. Lathrop

Dated: October 28, 2005