UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRAIG GOULET, | \* |
|    Plaintiff | \* |
| | \* |
| v. | \* |
| | \* |
| NEW PENN MOTOR EXPRESS, INC., and | \* |
| TEAMSTERS LOCAL 25, | \* |
| INTERNATIONAL BROTHERHOOD OF | \* |
| TEAMSTERS, | \* |
|    Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANT TEAMSTERS LOCAL 25'S
MOTION FOR EXTENSION OF TIME
TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Craig Goulet hereby opposes the Motion of Defendant Teamsters Local 25 for an Extension of Time to File its Motion for Summary Judgment. The basis for this Opposition is as follows:

1. In this case Goulet has sued his Union – Teamsters Local 25 – for breach of its duty of fair representation under 29 U.S.C. § 185 and defendant New Penn Motor Express for breach of a labor agreement.

2. Teamster Local 25 has not initiated any discovery in this case since it took Goulet's deposition on October 4, 2005.

3. On November 1, 2005, the parties appeared before this Court. At that time the Defendants advised the Court that they wished to file Motions for Summary Judgment. The Court advised the Defendants that they were free to file their Motions for Summary Judgment at any time.

4. On December 14, 2005, the parties appeared again before the Court. And again the Defendants advised the Court that they wished to file Motions for Summary Judgment. The Court ruled that the Defendants had until January 15, 2006, to file their Motions for Summary Judgment. Plaintiff was given thirty days, or until February 14, 2006, to respond to both Motions for Summary Judgment.

5. Trial is scheduled to begin on March 27, 2006.

6. On Friday, January 13, 2006, defendant New Penn Motor Express filed its Motion for Summary Judgment.

7. At virtually the same time on Friday, January 13, 2006, defendant Teamsters Local 25 filed instead a request for an extension of time to file its Motion for Summary Judgment. It requested an extension until January 23, 2006, to file its Motion for Summary Judgment. The basis for its request was that:

   a. Over three weeks prior Plaintiff served Defendants with his Errata Sheet to his deposition; and

   b. Documents requested by defendant New Penn Motor Express from the Social Security Administration regarding Plaintiff are not expected to be delivered until on or about February 3, 2006.

8. The grounds offered by defendant Teamsters Local 25 for an extension until January 23, 2006, are insufficient to justify an extension.

   a. Teamsters Local 25 actually <u>complains</u> that it did not receive Plaintiff's Errata Sheet until over three weeks prior to the due date for its Motion for Summary Judgment. With all due respect to counsel for Teamsters Local 25, this is ludicrous. This hardly prevented defendant New Penn Motor Express from timely filing its Motion for

        Summary Judgment. If defendant Teamsters Local 25 had been applying any diligence to its preparation of its Motion for Summary Judgment, the receipt of an Errata Sheet – over three weeks prior to the due date for the Motion for Summary Judgment – should be of no consequence.

    b.    Teamsters Local 25 says it needs until <u>January 23, 2006</u>, to file its Motion for Summary Judgment because certain Social Security documents – requested by defendant New Penn Motor Express, not by defendant Teamsters Local 25 – are not going to be produced until or about <u>February 3, 2006</u>. As a matter of simple logic, documents not being produced until February 3, 2006, cannot justify an extension until January 23, 2006. Furthermore, the Social Security documents go to damages, not liability. Again, the fact that these Social Security documents are not going to be produced – at defendant New Penn's request – until February 3, 2006, is of no consequence.

9.    Defendant Teamsters Local 25 has no legitimate justification for an extension. Since it completed Goulet's deposition on October 4, 2005, it has had over three months to work on and complete its Motion for Summary Judgment. It has only its own self to blame for the fact that it has not ready to file its Motion for Summary Judgment on time.

10.    Granting Local 25's request for an extension will only prejudice Plaintiff. On December 14, 2005, this Court granted Plaintiff – at his specific request – thirty days to respond to Defendants' two Motions. Now Local 25 suggests the extension "would still allow the Plaintiff twenty-one (21) [sic] to submit an opposition to its motion." Defendant Local 25 says this when it has had over three months to work on its Motion.

11.    In fact, as the undersigned advised counsel for defendant Teamsters Local 25, the undersigned

has a one week trial scheduled to begin on January 23, 2006, before Judge Saris. Hence, granting the extension of defendant Teamsters Local 25 would have the effect of giving the undersigned only 14 days to respond to its Motion. That seems entirely inequitable when Teamsters Local 25 has had over three months to work on its Motion for Summary Judgment.

**WHEREFORE** defendant Local 25's Motion for an Extension of Time to File its Motion for Summary Judgment should be denied.

                    Craig Goulet

                    By his attorney

                    */s/ Scott A. Lathrop*
                    _____
                    Scott A. Lathrop, Esq.
                    Scott A. Lathrop & Associates
                    122 Old Ayer Road
                    Groton, MA 01450
                    (978) 448-8234
                    BBO No. 287820

Dated: January 17, 2006

## Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Opposition on the defendants by mailing this day a copy to the last known address of their Attorneys of Record.

*/s/ Scott A. Lathrop*

|  |  |
|---|---|
| | _____ |
| | Scott A. Lathrop |
| Dated:  January 17, 2006 | |