**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
**CRAIG GOULET**                       )
                                       )
        **Plaintiff,**                 )
                                       )
**v.**                                 )
                                       )
**NEW PENN MOTOR EXPRESS**             )
        **Defendant**                  )
                                       )
**and**                                )
                                       )
**TEAMSTERS LOCAL 25**                 )
**INTERNATIONAL BROTHERHOOD OF**       )
**TEAMSTERS**                          )
                                       )        **CIVIL ACTION**
        **Defendant,**                 )        **NO. 04-12577-JLT**
_____)

## NOTICE OF FILING AFFIDAVIT OF BURTON TREBOUR

Please take note that on February 13, 2006, Defendant, Teamsters Local 25, International Brotherhood of Teamsters filed the signed affidavit of Burton Trebour, which is identical to the unsigned affidavit that was filed with its Statement of Material Facts In Support of its Motion for Summary Judgment and its Memorandum in Support of its Motion for Summary Judgment. The affidavit is meant to replace Exhibit 10 of Local 25's Statement of Material Facts in Support of its Motion for Summary Judgment and its Memorandum in Support of its Motion for Summary Judgment.

                                            For the Defendant,
**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 25,**
By its attorneys,

  /s/ Kathleen A. Pennini
Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (b.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804

Date:   February 13, 2006     (617) 723-9777

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this motion on February 13, 2006, with delivery to :

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH  44113-1999

                                                /s/ Kathleen A. Pennini
                                                Kathleen A. Pennini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CRAIG GOULET** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NEW PENN MOTOR EXPRESS** )<br>**Defendant** )<br>)<br>and )<br>)<br>**TEAMSTERS LOCAL 25** )<br>**INTERNATIONAL BROTHERHOOD OF** )<br>**TEAMSTERS** )<br>)<br>**Defendant,** )<br>) | **CIVIL ACTION**<br>**NO. 04-12577-JLT** |

## AFFIDAVIT OF BURTON TREBOUR

1. In 2001-2002, I was the Vice President of Labor and Administration for A.P.A. Transport, Inc.

2. I am familiar with the grievance filed by Teamsters Local 25 on behalf of Craig Goulet in March 1987, and was heard by the Southern New England Joint Area Committee on October 21, 2001.

3. As the Vice President of Labor and Administration for A.P.A. in October 2001, I represented A.P.A. at the Southern New England Joint Area Committee hearing, and argued that Mr. Goulet's termination should not be reversed.

4. On October 16, 2001, the Southern New England Joint Area Committee made the following ruling concerning the grievance of Mr. Goulet:

5. A.P.A interpreted that decision to mean that it was not required to return Mr. Goulet to the active work roster until and unless he produced documentation concerning his medical clearance to return to unrestricted duties with A.P.A.

6. Two seniority lists were ordinarily generated for each A.P.A. facility: one generated by the corporate office, and the other generated at each individual terminal.

7. The corporate seniority list contained only the employee's name and date of seniority, and such lists were not necessarily available to employees at the terminal.

8. The seniority list produced by the terminal would list only the employees with active seniority, meaning that they were available to for day-to-day work, and would be posted for the employees perusal.

9. The corporate office returned Mr. Goulet's name to the corporate seniority list because it anticipated that Mr. Goulet would be returning to work, shortly following the decision of the Southern New England Joint Area Committee in October 2001.

10. The corporate office updated the corporate seniority list in November 2001 following the decision of the Southern New England Joint Area Committee's decision concerning the grievance of Mr. Goulet.

11. A.P.A.'s inclusion of Mr. Goulet's name on the November 2001 corporate seniority list was not due to any decision by A.P.A. to waive the requirements set forth by the Southern New England Joint Area Committee concerning Mr. Goulet's re-employment.

12. A.P.A. never waived the requirements that Mr. Goulet provide medical documentation of his ability to return to unrestricted duties and serve a ten (10) days suspension prior to being returned to the seniority list for the Canton, Massachusetts terminal.

13. If A.P.A. had been aware that Mr. Goulet was not intending to provide medical documentation of his ability to return to duties immediately following the decision of the Southern New England Joint Area Committee, it would not have reinserted his name in the November 2001 corporate seniority list for A.P.A.'s Canton, Massachusetts facility.

14. Mr. Goulet never presented any documentation to A.P.A. concerning his ability to return to unrestricted duties.

15. Mr. Goulet never served a ten (10) day suspension.

16. I do not recall whether the November 2001 corporate seniority list for A.P.A.'s Canton, Massachusetts facility was sent to the Union.

17. It is possible that the A.P.A. facility in Canton, Massachusetts did not receive the November 2001 seniority list prior to its closing in February 2002.

18. When New Penn Motor Express requested terminal seniority lists in order to create its call lists, it asked for seniority lists from the corporate office, and thus received the corporate seniority list.

Signed under the pains and penalties of perjury this 2nd day of FEB 2006

_____
Burton Trebour

f:\l25\goulet\pldg\aff.burton.trebour.doc:blg