UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG GOULET, | ) | Civil Action No. 04-12577 JLT |
| | ) | |
| Plaintiff, | ) | JUDGE TAURO |
| | ) | |
| vs. | ) | **MOTION FOR LEAVE TO FILE REPLY** |
| | ) | **IN SUPPORT OF SUMMARY** |
| NEW PENN MOTOR EXPRESS, INC., | ) | **JUDGMENT *INSTANTER*** |
| et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendant, New Penn Motor Express, Inc. ("New Penn"), hereby moves this Honorable Court for leave to file, *instanter*, the attached Reply in Support of its Motion for Summary Judgment.

The attached Reply is necessary, first, to address various misstatements contained within Plaintiff's Brief in Opposition to Summary Judgment and, second, to address certain representations and findings contained within Plaintiff's Social Security Disability file. Plaintiff did not provide his Social Security file to New Penn until February 13, 2006 – long after New Penn's submission of its Motion for Summary Judgment. Plaintiff's brief, however, contains citations to certain documents from the file. New Penn therefore requests the opportunity to likewise cite to portions of the Social Security file in support of its Motion for Summary Judgment.

Respectfully submitted,

s/Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)

and

Frank A. Libby, Jr. (BBO # 299110)
falibby@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 338-9300
(617) 338-9911 (facsimile)

Attorneys for Defendant New Penn Motor Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Motion for Leave to File Reply in Support of Summary Judgment *Instanter* was served upon Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing and ordinary U.S. mail, postage prepaid, this 23rd day of February, 2006.

s/Carl H. Gluek
Carl H. Gluek, Esq.

One of the Attorneys for Defendant New Penn Motor Express, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET, ) | Civil Action No. 04-12577 JLT |
| ) | |
| Plaintiff, ) | JUDGE TAURO |
| ) | |
| vs. ) | **REPLY OF NEW PENN MOTOR** |
| ) | **EXPRESS, INC. IN SUPPORT OF** |
| NEW PENN MOTOR EXPRESS, INC., ) | **MOTION FOR SUMMARY JUDGMENT** |
| *et. al.,* ) | |
| ) | |
| Defendants. ) | |

Defendant, New Penn Motor Express, Inc. ("New Penn"), hereby submits the following Reply Brief in Support of its Motion for Summary Judgment. As demonstrated below, as well as in New Penn's Memorandum in Support of its Motion for Summary Judgment, Plaintiff is unable to establish, as a matter of law, that New Penn breached any provision of the applicable collective bargaining agreement ("CBA") or that he has suffered any damages resulting from the alleged breach. Accordingly, New Penn requests that summary judgment must be granted in its favor.

I.  **Plaintiff Is Unable As A Matter Of Law To Prove That New Penn Breached The Collective Bargaining Agreement**

In order to prevail on his hybrid §301 claim, Plaintiff must establish that the union breached its duty of fair representation *and* that New Penn breached the terms of the CBA.[1] *See,*

---

[1] Plaintiff's failure to prove *either* breach by the union or breach by New Penn "dooms the cause of action in its entirety." *Id.* at 686; *see also* authorities cited in New Penn's Memorandum in Support of Summary Judgment. Thus, if the Court grants the Union's pending Motion for Summary Judgment, New Penn must likewise be dismissed.

*e.g., Ely v. Newell-Rubbermaid, Inc.*, 50 Fed. Appx. 681, 686 (6th Cir. 2002). Plaintiff, however, has failed to demonstrate any breach of the CBA. Indeed, while Plaintiff argues that New Penn failed to place Plaintiff's name on the seniority call list, Plaintiff *concedes* that Local 25 – and not New Penn -- was responsible for including Plaintiff's name and terminal preference on such list. (*See* Brief in Opposition to Summary Judgment at 6, *citing* Deposition of Harrington at p. 66). Plaintiff further concedes that Local 25 failed to include Plaintiff's name and terminal preference on the call list ultimately submitted to New Penn. (*See* Brief in Opposition to Summary Judgment at 6-7). Thus, under the very terms of the CBA, New Penn was not required to – and did not – offer Plaintiff work subsequent to A.P.A.'s closing.[2]

Plaintiff's Brief in Opposition is replete with references to *Local 25's* alleged breach of its duty in connection with its submission of the seniority call list and its untimely filing of Plaintiff's related grievance. However, and despite Plaintiff's apparent attempt to blend the issues, *Local 25's* duties and its alleged breaches cannot be imputed to New Penn.[3] On the contrary, New Penn's duties to Plaintiff were defined by the express and unambiguous terms of the CBA. The uncontroverted evidence demonstrates as a matter of law that New Penn has fully complied with the CBA, which necessarily defeats Plaintiff's claims.

Plaintiff's reliance on section 8(h) of the CBA to establish the contrary is without merit. Section 8(h) provides, in pertinent part:

---

[2] *See* CBA at p.2, para. 8c.a.

[3] Plaintiff cites to select portions of the deposition of William Carnes, the Local 25 business agent for A.P.A. during the relevant time period, claiming that when Mr. Carnes allegedly informed New Penn of Plaintiff's desire to be placed on the terminal call list, New Penn's terminal manager "told Carnes to go fuck himself." (*See* Brief in Opposition to Summary Judgment at p.8, *citing* Carnes Deposition at p. 25). A review of the Carnes deposition, however, reveals that Carnes does not specifically remember: 1) the identity of the person with whom he spoke at New Penn; 2) what that person said to him during the course of the conversation; and 3) whether that conversation occurred *after* the deadline for submitting the required terminal call lists to New Penn. (*See* Deposition of Carnes at pp. 26, 53-54). Even if that were not the case, the critical and *conceded* fact is that Local 25 failed to include Plaintiff's name on the written call list that it submitted to New Penn. That fact is dispositive as to the issue of New Penn's compliance with the collective bargaining agreement and, thus, the resulting failure of Plaintiff's hybrid §301 claim.

2

> If during the term of the current 1998-2003 NMFA, but not later than March 31, 2003, the list of former APA NMFA employees **at any terminal** is exhausted, those APA NMFA employees on **other terminal lists in that local supplement**, who have not obtained seniority at NPME, will be offered a second opportunity to place their name on the call list of such terminal.
>
> \* \* \*

CBA, Section 8(h)(emphasis added).

Thus, by its plain terms, section 8(h) of the CBA applies only when a particular terminal has exhausted its call list and, in that event, only to those employees who were *included on call lists* at *other terminals*. Put differently, if the Billerica terminal exhausted its call list, former A.P.A. employees *who were on terminal call lists at other facilities* would have then been permitted to include their names on Billerica's call list.

The above provision is plainly inapplicable to the case at bar. Here, it is undisputed that Plaintiff's name was not provided to New Penn as a part of *any terminal call list*. Thus, under the express language of Section 8(h), Plaintiff was not and would not have been eligible to include his name on Billerica's (or any facility's) call list in the event of exhaustion.

Plaintiff's reliance on the Affidavit of Burton Trebour to argue that New Penn had nevertheless been aware of Plaintiff's desire to be called for work as a result of its receipt of A.P.A.'s corporate Canton seniority list likewise misses the point. The A.P.A. Canton seniority list, which was provided to New Penn as part of the *due diligence process*, merely identified the names of all A.P.A. employees.[4] The list *did not* – as Plaintiff insinuates -- indicate whether each employee wanted to be called by New Penn for work after A.P.A.'s closure and/or the employee's individual terminal preference.[5] Indeed, many A.P.A. employees *did not* want to be

---

[4] *See* New Penn's Response to Interrogatory No. 23.

[5] *See* Exhibit 8, Plaintiff's Brief in Opposition to Summary Judgment.

3

called for work by New Penn after A.P.A.'s closure.[6] Thus, it was Local 25's responsibility to identify the employees who wanted to be called for work, determine their terminal preferences and provide that information to New Penn in a timely fashion.[7]

Next, Plaintiff attempts to argue, through select and incomplete portions of Mr. Carnes' deposition testimony, that Local 25 had verbally notified New Penn during the relevant time period of Plaintiff's alleged desire to be placed on the call list.[8] Assuming, *arguendo*, that Mr. Carnes did so inform New Penn, the express and unambiguous terms of the CBA require that Local 25 provide New Penn with a *written* list of all employees interested in being called for work, along with their terminal preferences. The CBA neither contemplates nor validates verbal notification of an employee's interest and preference.

In light of the foregoing, Plaintiff is unable as a matter of law to prove that New Penn breached any provision of the CBA. New Penn therefore requests that summary judgment be entered in its favor.

## II.    Plaintiff's Damages Claim Must Fail As A Matter Of Law

In order to survive summary judgment on his damages claim, Plaintiff must prove that he was physically able to perform dock work during the relevant time period. *See, e.g., Acevedo v. Coatings Inc.*, 286 F.Supp.2d 107 (Dist. P.R. 2003). Plaintiff failed to do so. First, Plaintiff admitted in his deposition that he considers himself to be totally disabled and, thus, unable to work.[9] Second, Plaintiff has been receiving social security disability benefits since 1995,

---

[6] *See*, Harrington Exhibit 4, attached hereto as "Exhibit A".

[7] *See* New Penn's Response to Plaintiff's Interrogatory No. 23.

[8] *See* footnote 2, *infra*.

[9] Deposition of Plaintiff at 74-75. Plaintiff subsequently produced an errata sheet to apparently explain that he could have attempted to work had New Penn provided him with the opportunity to do so. Plaintiff's errata sheet, however, is procedurally defective because Plaintiff has failed to provide any reasons for the substantive changes to his

retroactive to 1987, which reinforces as much.[10] Indeed, in 1995, the Social Security Administration reversed its prior denials of social security disability benefits, holding that Plaintiff "has been disabled since March 11, 1987," he "cannot perform his past relevant work **and does not have transferable skills to perform other work within his residual function capacity.**"[11] The Social Security Administration further held that "there are no jobs existing in significant numbers that [Plaintiff] is capable of performing."[12] The Social Security Administration's determination of disability and its ultimate award of benefits were based, in part, on Plaintiff's representations concerning his inability to work, along with his "description of his limitations."[13] Plaintiff's continuous receipt of social security disability benefits is also based upon those representations.

What is notably absent from Plaintiff's Brief in Opposition to Summary Judgment, however, is *any* attempt by Plaintiff to explain, as he is so required, the inherent inconsistency between his ongoing receipt of social security disability benefits and his alleged entitlement to damages, which should therefore result in summary judgment. *See, e.g., Cleveland v. Policy Mgt. Sys. Corp.*, 526 U.S. 795, 797 (1999); *Acevedo v. Coatings, Inc.*, 286 F.Supp.2d 107 (Dist. P.R. 2003); *Kelly v. Lockheed Martin Services*, 198 F.Supp.2d 136; *Disanto v. McGraw Hill, Inc.*, 220 F.3d 61 (2nd Cir. 2000); *Kendall v. Fisse*, No. 04-3761, 2005 U.S. App. Lexis 18628 (2nd Cir. 2005)(attached as "Exhibit Q" to New Penn's Motion for Summary Judgment).

---

testimony, as is required under Federal Civil Rule 30(e). (*See also* footnote 14, *infra*). Accordingly, the errata sheet is a nullity. Moreover, the errata sheet does not purport to undermine or change the critical fact that Plaintiff is unable to prove he would have been physically capable of performing dock work during the relevant time period.

[10] New Penn did not receive a copy of Plaintiff's social security disability file until February 13, 2006 – long after the submission of its Motion for Summary Judgment.

[11] *See*, 8-21-95 Notice of Decision at pp. 2-3 (emphasis added)(attached hereto as "Exhibit B-1").

[12] *Id.*

[13] *Id.*

5

Plaintiff instead relies exclusively upon his procedurally defective errata sheet to argue that he would have *attempted* to perform some work had New Penn called upon him to do so.[14] Plaintiff's assertion, in addition to being self-serving, is insufficient to defeat a motion for summary judgment. Indeed, his failure to cite to *any* case law – much less attempt to distinguish those cited by New Penn – on this crucial issue is both conspicuous and fatal to his claim.

The relevant inquiry is not, as Plaintiff attempts to frame it, whether Plaintiff would have been able to perform *some* work for New Penn. On the contrary, the controlling issue is whether Plaintiff would have been able to perform *dock work* during the relevant time period in order to obtain seniority at New Penn under the terms of the CBA. Plaintiff is admittedly unable to prove that he would have been able to perform such dock work.[15] Moreover, the Social Security Administration's determination that Plaintiff is unable to work, and Plaintiff's representations made in connection therewith, necessarily undermine Plaintiff's claim that he would have been able to perform some kind of work had he been called upon by New Penn to do so.[16] Accordingly, Plaintiff's damages claim should fail as a matter.

---

[14] Federal Civil Rule 30 (e) – like Rule 30(e) of the Massachusetts Rule of Civil Procedure -- requires that where, as here, a deponent makes substantive changes to his or her deposition testimony, the deponent provide a statement of the reasons for making each change. Plaintiff made several substantive changes and additions to his deposition testimony through his errata sheet. Plaintiff, however, failed to provide a single reason for any of the changes. His errata sheet is therefore procedurally defective.

[15] *See* Deposition of Plaintiff at p. 80.

[16] Plaintiff repeated argument that he could have driven for New Penn is undermined by his deposition testimony and his representations to the Social Security Administration. Plaintiff testified that he is unable to bend, sit, turn and bend – all of which is required in order to safely drive. (Deposition of Plaintiff at 71-72).

Respectfully submitted,

s/Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)

and

Frank A. Libby, Jr. (BBO # 299110)
falibby@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 338-9300
(617) 338-9911 (facsimile)

Attorneys for Defendant New Penn Motor Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Reply of New Penn Motor Express, Inc. in Support of Motion for Summary Judgment was served upon Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing and ordinary U.S. mail, postage prepaid, this 23rd day of February, 2006.

s/Carl H. Gluek
Carl H. Gluek, Esq.

One of the Attorneys for Defendant New Penn Motor Express, Inc

EXHIBIT 5Z-52 Hoeington

Prov + Providence 14 +
Bil - Billerica, MA
Ret - Retiring

*At the time Mitton cancelled this
#36 called contract

| NO | NAME | ADDRESS | CITY/STATE | ZIP | DA | |
|---|---|---|---|---|---|---|
| 1 | Ret Howe, Robert | 38 Spring St. | Braintree, MA | 02184 | 1/1/70 | 508-285-9452 |
| 2 | Prov. Burrill, Peter | 6 Great Woods Circle | Norton, MA | 02766 | 6/3/70 | 781-848-9223 |
| 3 | Bil McCaffrey, Michael | 29 B Shaw St. | Braintree, MA | 02184 | 10/7/70 | |
| 4 | Heroux | | | | | 508-285-9452 |
| 5 | Ret Masiroffeiro, Richard | 215 Forest Trail | Hanson, MA | 02341 | 6/14/73 | 781-447-9455 |
| 6 | Bil Sutherland, David | 173 Haul Road | Hanover, MA | 02339 | 1/5/74 | 781-871-1525 |
| 7 | Ret Loud, Donald | 500 Bedford Street | Abington, MA | 02351 | 1/11/74 | 781-871-0416 |
| 8 | Ret Petti, Alan | 11 Hinson Road | Weymouth, MA | 02188 | 3/11/74 | 781-331-9957 |
| 9 | Bil Petti, Robert | 145 Highland Ave. | Quincy, MA | 02169 | 9/15/75 | 508-471-0098 |
| 10 | Prov Houde, Michael | 11 Pond Street | Swansea, MA | 02777 | 9/30/75 | 508-674-7681 |
| 11 | Ret Hoyt, Herbert | 23 Garfield Street | Foxboro, MA | 02035 | 8/17/76 | 508-543-2978 |
| 12 | Ret Wise, Robert | 153 Liberty Street | Braintree, MA | 02184 | 8/27/76 | 781-843-1549 |
| 13 | Bil DeRamo, Mario | 31 Washington Street | Sherborn, MA | 01770 | 2/22/77 | 508-653-6086 |
| 14 | Prov Sullivan, Thomas | 147 Hillside Drive | Plymouth, MA | 02360 | 10/24/77 | 508-224-5384 |
| 15 | Bil Rambeau, Raymond | P.O. Box 265 | Easton, MA | 02334 | 1/4/78 | 508-230-2436 |
| 16 | Bil Ruel, William | 306 Field Street | Brockton, MA | 02403 | 3/1/78 | 508-583-0861 |
| 17 | Bil Belfit, Edmund | 4 Kaitlin Lane | Hanson, MA | 02341 | 11/14/78 | 781-826-2751 |
| 18 | Prov Monahan, Hubert | 653 King Street | Hanover, MA | 02339 | 4/23/79 | 781-871-7648 |
| 19 | Bil Pickering, Gary | 53 Rosalind Street | N. Weymouth, MA | 02188 | 8/3/81 | 781-337-6278 |
| 20 | Bil Tisbert, Brian | 17 Marsh Ave. | Salem, NH | 03079 | 5/17/83 | 603-890-6183 |
| 21 | Prov Damiano, John | 22 Bixby Drive | E. Bridgewater, MA | 02333 | 7/20/83 | 508-378-3792 |
| 22 | Prov Gwynn, Norman | 283 Central Street | E. Bridgewater, MA | 02333 | 5/14/84 | 508-378-0466 |
| 23 | Prov Cardoza, Philip | 808 Maple Street | Mansfield, MA | 02048 | 9/24/84 | 508-339-5134 |
| 24 | Bil Buffard, Robert | 20 Emerson Street | Brockton, MA | 02301 | 10/30/85 | 508-588-6540 |
| 25 | Ret Coull, Dennis | 2130 State Road | Plymouth, MA | 02360 | 4/6/73 | 508-888-6964 |
| 26 | Ret McGee, Ronald | 487 Commonwealth Rd. | Wayland, MA | 02778 | 5/20/82 | 508-653-8174 |
| 27 | Ret Francis, George | 324 Flagg Street | Bridgewater, MA | 02324 | 10/25/82 | 508-697-9620 |
| 28 | Prov Chiusa, Richard | 105 South Pickens St. | Lakeville, MA | 02347 | 4/30/84 | 508-946-0336 |
| 29 | Bil Tower, Kevin | 16 Carver Road | Watertown, MA | 02472 | 11/15/84 | 617-926-5324 |
| 30 | Prov Finell, Edward | 105 Washington St. Unit #68 | Plainville, MA | 02763 | 3/25/85 | 508-695-3075 |
| 31 | Prov McGrath, Harold | 165 Main Street | Walpole, MA | 02081 | 8/26/85 | 508-668-0244 |
| 32 | Bil Hains, Scott | 28 Foote Circle | Holbrook, MA | 02343 | 3/30/87 | 781-767-6229 |
| 33 | Bil Holden, Joseph | 159 Church Street | Westwood, MA | 02090 | 5/8/89 | 781-329-3587 |
| 34 | Prov Howe, Timothy | 132 Everett Burke | Stoughton, MA | 02072 | 5/13/89 | 508-344-1904 |
| 35 | Prov Howe, Stephen | 53 Bradford Street | Stoughton, MA | 02072 | 5/31/90 | 781-344-1189 |
| 36 | Not Berry, Stephen Conn. | 367 Ford Street | So. Attleboro, MA | 02703 | 5/31/91 | |
| 37 | Bil Sullivan, Colin | 1 Hadley Road | Middleboro, MA | 02346 | 12/9/91 | 508-761-6979 |
| 38 | Prov MacDonald, Jeffery L. | 31 Debbie Path | Pembroke, MA | 02359 | 10/27/93 | 508-947-6137 |
| 39 | Bil Hulburt, Milton | 4 First Street | Forestdale, MA | 02644 | 12/9/91 | 781-829-8773 |
| 40 | Prov O'Hara, William | 75 Chestnut West | Mansfield, MA | 02048 | 12/31/93 | 508-477-5324 |
| 41 | Prov Fortier, Mark | 755 Washington Street | Walpole, MA | 02081 | 9/3/93 | 508-339-8645 |
| 42 | Prov Pimentel, Jorge | 36 Brown Street | Fairhaven, MA | 02719 | 9/8/93 | 478-946-8686 |
| 43 | Bil Fuela, Adhaic | 51 Fall Lane | Canton, MA | 02021 | 9/9/93 | 508-994-5614 |
| 44 | Prov Lehane, Daniel | 44 South Street | Canton, MA | 02021 | 9/10/93 | 781-828-3351 |
| 45 | Prov Houde, Gerald | 360 Cedar Street | New Bedford, MA | 02740 | 10/28/93 | 781-828-3595 |
| 46 | Prov Roche, Thomas | 28 Buttercup Lane | Middleboro, MA | 02346 | 9/14/93 | 508-996-6128 |
| 47 | Prov Berry, Stephen J Conn. | 29 Jessie Ave | So. Attleboro, MA | 02703 | 9/16/93 | 508-513-7738 |
| 48 | Not Carey, Patrick | 363 Wareham Street | Middleboro, MA | 02346 | 9/17/93 | 508-761-6979 |
| 49 | Prov Leighton, Robert | 19 Grist Mill Lane | Pembroke, MA | 02359 | 9/18/93 | 508-947-6137 |
| 50 | Prov MacDonald, Jeffery L. | 42 Brook Terrace | Weymouth, MA | 02188 | 10/22/93 | 781-829-8773 |
| 51 | Prov Blake, Richard | 59 Yellowstone Ave. | Warwick, RI | 02886 | 9/16/93 | 401-463-0145 |
| 52 | Bil Fendleton, James | 13 Glen Feud Road | No. Attleboro, MA | 02760 | 9/10/94 | 508-643-2239 |
| 53 | Prov Gilmore, Michael | 30 Carol Street | So. Dartmouth, MA | 02748 | 4/4/95 | 508-763-1900 |
| 54 | Bil Gilmore, Michael | 31 Arlington Street, Apt #3 | Acushnet, MA | 02743 | 9/16/95 | 508-763-1900 |
| 55 | Prov Degazio, Brad | 13 Willowdean Ave. | Nashua, NH | 03060 | 7/24/95 | 508-598-2982 |
| 56 | Bil Osmer, John | 80 McGrath Street | Brockton, MA | 02301 | 9/23/96 | 508-598-2982 |
| 57 | Bil Fenton, John | 11 Ungema Road | Brockton, MA | 02301 | 9/24/96 | 508-588-1327 |
| 58 | Prov Dumbar, Richard | 131 Lake Street | Plymouth, MA | 02360 | 10/1/96 | 508-824-7151 |
| 59 | Ret Palma, Wayne | 21 Keith Ave. | Wareham, MA | 02570 | 1/23/97 | 508-559-0189 |
| 60 | Prov Spano, James | 10 Hartl Circle | Taunton, MA | 02780 | 4/15/97 | 508-982-5528 |
| 61 | Bil Whitney, Richard | 85 West Chestnut Street | Brockton, MA | 02301 | 12/30/98 | 508-946-1129 |
| 62 | Bil Robinson, Jr., Richard | 274 Llanglos Street | Abington, MA | 02351 | 6/26/99 | 508-222-5737 |

<u>NOTE TO PROCESSING CENTER</u>
<u>FURTHER ACTION NECESSARY</u>

DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Social Security Administration
OFFICE OF HEARINGS AND APPEALS

DECISION

| <u>IN THE CASE OF</u> | <u>CLAIM FOR</u> |
|---|---|
| Craig S. Goulet | Period of Disability, Disability Insurance Benefits, and Supplemental Security Income |
| (Claimant) | |
| (Wage Earner) | 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 (Social Security Number) |

The prior decision issued by the undersigned dated May 16, 1995 is being re-opened due to new and material evidence.

**PROCEDURAL HISTORY**

This case is before the Administrative Law Judge on a request for hearing filed by the claimant, who is dissatisfied with the previous determinations finding that he is not disabled.

The undersigned Administrative Law Judge has carefully reviewed all the evidence of record and has concluded that the claimant does in fact meet the Social Security definition of disability and so is issuing a favorable decision on the record and without a formal oral hearing having been held.

The claimant previously filed Title II and Title XVI applications on April 6, 1992. These applications were initially denied on June 2, 1992. He filed the current applications on April 8, 1994. These application were denied initially on May 5, 1994, and again denied on reconsideration on July 19, 1994. Claimant disagreed with these determinations and requested a hearing on October 25, 1994.

New and material evidence constitutes good cause for reopening the claimant's prior applications pursuant to 20 CFR 416.1488-416.1489 and 404.988-404.989. Benefits will be payable based on the claimant's Title II and Title XVI applications filed on April 6, 1992.

EXHIBIT
B-1

Craig S. Goulet
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

2

## ISSUES

The issues in this case are whether the claimant is under a disability as defined by the Social Security Act and if so, when his disability commenced, the duration of the disability, and whether the insured status requirements of the Act are met for the purpose of entitlement to a period of disability and disability insurance benefits.

## EVALUATION OF THE EVIDENCE

After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since March 11, 1987, and met the insured status requirements of the Social Security Act on that date and thereafter, through June 30, 1993. The claimant was 26 years old on the date his disability began. The claimant has a high school education. The claimant has not engaged in any substantial gainful activity since the disability onset date.

The claimant has the following impairments which are considered to be "severe" under the Social Security Act and Regulations: dysthymia, personality disorder, low back pain, status post rotator cuff tear, right knee pain, and alcohol dependence.

The medical evidence reveals that the claimant sustained a work related injury in 1987 at which time he injured his left arm, shoulder, right leg and knee. He has been treated by Dr. Matzilevich, Dr. Courville and Dr. Garion but has continued to experience pain. Claimant has also been diagnosed a shaving dysthymia and a personality disorder.

The claimant's description of his limitations is consistent with the record when considered in its entirety. The claimant cannot perform his past relevant work and does not have transferable skills to perform other work within his residual functional capacity.

Given the claimant's residual functional capacity, and the vocational factors of his age, education and past relevant work experience, there are no jobs existing in significant numbers that the claimant is capable of performing. The claimant is under a disability as defined by the Social Security Act and Regulations.

Craig S. Goulet
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

3

## FINDINGS

After consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant met the insured status requirements of the Act on March 11, 1987. The claimant has not performed any substantial gainful activity since March 11, 1987.

2. The claimant's impairments which are considered to be "severe" under the Social Security Act are dysthymia, personality disorder, low back pain, status post rotator cuff tear, right knee pain, and alcohol dependence.

3. The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR Part 404, Appendix 1 to Subpart P (Listing of Impairments).

4. The claimant's allegations are found to be credible.

5. The claimant is unable to perform his past relevant work.

6. The claimant was 26 years old on the date disability began, which is defined as a younger individual. The claimant has a high school education.

7. The claimant does not have transferable skills to perform other work within his physical and mental residual functional capacity.

8. Based upon the claimant's residual functional capacity, and vocational factors, there are no jobs existing in significant numbers which he can perform. This finding is based upon Section 201.00(h) of the Medical-Vocational Guidelines, 20 CFR Part 404, Appendix 2 to Subpart P.

9. The claimant has been under a disability as defined by the Social Security Act and Regulations since March 11, 1987.

10. Alcoholism is not a contributing factor material to the finding of disability.

## DECISION

Based on the Title II application filed on April 6, 1992, the claimant is entitled to a period of disability commencing March 11, 1987, and to disability insurance benefits under sections 216(i) and 223 of the Social Security Act, respectively, and the claimant's disability has continued at least through the date of this decision.

Craig S. Goulet
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

4

It is the further decision of the Administrative Law Judge that based on the Title XVI application filed on April 6, 1992, the claimant has been disabled since March 11, 1987, under section 1614(a)(3)(A) of the Social Security Act, and the claimant's disability has continued through the date of this decision.

The Social Security Administration must also determine whether the claimant meets the income and resources and other eligibility requirements for supplemental security income payments, and if the claimant is eligible, the amount and the month(s) for which the claimant will receive payment. The claimant will receive a notice from another office of the Social Security Administration when that office makes those determinations.

John F. Sweeney
Administrative Law Judge

AUG 2 1 1995
Date

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG GOULET, | ) | CASE NO. 04-12577 JLT |
| | ) | |
| Plaintiff, | ) | JUDGE TAURO |
| | ) | |
| vs. | ) | |
| | ) | |
| NEW PENN MOTOR EXPRESS, INC., | ) | |
| *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

Defendant certifies that it has complied with the provisions of Local Rule 7.1. Specifically, on February 22, 2006, defense counsel left a voice mail message for Plaintiff's counsel, informing him that New Penn intended to file a Reply Brief. Defense counsel further informed Plaintiff's counsel that the Reply was necessary, first, to correct misrepresentations made by Plaintiff regarding the alleged application of Section 8(h) of the collective bargaining agreement and, second, to respond to Plaintiff's cited portions of the social security disability file. Plaintiff's counsel did not return the phone call to further discuss the issues.

Respectfully submitted,

/s/ Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)

and

Frank A. Libby, Jr. (BBO # 299110)
falibby@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 338-9300
(617) 338-9911 (facsimile)

Attorneys for Defendant New Penn Motor Express, Inc.