UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*1
CRAIG GOULET,                             \*
   Plaintiff                              \*
                                        \*
   v.                                     \*
                                        \*
NEW PENN MOTOR EXPRESS, INC., and         \*
TEAMSTERS LOCAL 25,                       \*
INTERNATIONAL BROTHERHOOD OF              \*
TEAMSTERS,                                \*
   Defendants                             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT
ALONG WITH LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(B)(3) plaintiff Craig Goulet hereby moves for leave to file the attached Reply Memorandum in Support of Plaintiff's Motion to Strike Affidavit of Burton Tebour. The attached Reply Memorandum is necessary to address various misstatements contained in Defendant Local 25's Memorandum in Opposition to Plaintiff's Motion to Strike Affidavit of Burton Tebour.

**LOCAL RULE 7.1 CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1(A)(2) the undersigned hereby certifies that he has conferred with counsel of record for all other parties in a good faith effort to resolve or narrow the issues raised by this motion, but that counsel have not been able to agree.

        Craig Goulet

        By his attorney

        */s/ Scott A. Lathrop*

        _____
        Scott A. Lathrop, Esq.
        Scott A. Lathrop & Associates
        122 Old Ayer Road
        Groton, MA 01450
        (978) 448-8234
        BBO No. 287820

Dated:   March 1, 2006

## Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Reply on the defendants by electronically sending a copy to the last known email address of their Attorneys of Record.

        */s/ Scott A. Lathrop*

        _____
        Scott A. Lathrop

Dated: March 1, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 JLT

*****************************************
CRAIG GOULET,                              *
   Plaintiff                              *
                                           *
   v.                                      *
                                           *
NEW PENN MOTOR EXPRESS, INC., and          *
TEAMSTERS LOCAL 25,                        *
INTERNATIONAL BROTHERHOOD OF               *
TEAMSTERS,                                 *
   Defendants                             *
*****************************************

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF BURTON TREBOUR

In his Motion to Strike the Affidavit of Burton Trebour, plaintiff Craig Goulet complained of the fact that when defendant Teamsters Local 25 filed its Memorandum in Support of its Motion for Summary Judgment on January 23, 2006, it relied largely upon an Affidavit of Burton Trebour, a person never once identified by Teamsters Local 25 as a person who had any information relevant to this case. Teamster Local 25 never bothered to identify Mr. Trebour even though under Rule 26(e) of the Federal Rules of Civil Procedure it had an absolute duty to supplements its Automatic Disclosures and its Answers to Interrogatories.

In its Memorandum in Support of its Opposition to Plaintiff's Motion to Strike, Teamsters Local 25 now offers as an excuse that it "only became aware that Mr. Trebour might have discoverable information after the expiration of discovery." (Memorandum, p. 1) In so stating it ignores the fact that discovery was over as of November 1, 2005. That is little excuse for failing at any time thereafter to

1

comply with Rule 26(e).

In its Memorandum in Support of its Opposition to Plaintiff's Motion to Strike, Teamsters Local 25 now states that it realized that Mr. Trebour might have discoverable information "Upon reviewing the deposition transcripts in preparation for summary judgment." (Memorandum, p. 3)  In so stating it ignores the fact the deadlines for filing its motion for summary judgment were set by the Court way back on December 14, 2005.  It had ample time to comply with Rule 26(e).

In its Memorandum in Support of its Opposition to Plaintiff's Motion to Strike, Teamsters Local 25 now states that it realized that its "failure to disclose Mr. Trebour must be seen as harmless to the Plaintiff." (Memorandum, p. 4) In so stating it ignores that its motion for summary judgment relies primarily upon the Affidavit of Burton Trebour.  Nothing could be more prejudicial to Plaintiff.

In its Memorandum in Support of its Opposition to Plaintiff's Motion to Strike, Teamsters Local 25 now states that "As a result of a discussion with Mr. Trebour, an affidavit was drafted and approved by Mr. Trebour in January, 2006." (Memorandum, p. 5) In so stating it ignores that on January 13, 2006, it filed a request for an extension of time to file its Motion for Summary Judgment until January 23, 2006.  Therefore it more than ample time to comply with Rule 26(e), and yet it chose not to comply.


**WHEREFORE** due to Teamsters Local 25's blatant violation of the Rules of Procedure and of its obligation to supplement its discovery responses, the Affidavit of Burton Trebour should be struck and its should not be considered with regard to Defendants' Motions for Summary Judgment.

Craig Goulet

By his attorney

*Scott A. Lathrop*

_____
Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

Dated: March 1, 2006

Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Reply on the defendants by electronically sending a copy to the last known email address of their Attorneys of Record.

*Scott A. Lathrop*

_____
Scott A. Lathrop

Dated: March 1, 2006