UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CRAIG GOULET,                                  \*
    Plaintiff                               \*
                                              \*
v.                                             \*
                                              \*
NEW PENN MOTOR EXPRESS, INC., and \*
TEAMSTERS LOCAL 25,                            \*
INTERNATIONAL BROTHERHOOD OF      \*
TEAMSTERS,                                     \*
    Defendants                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Craig Goulet moves this Court to issue an Order excluding a witness whom Defendant Teamsters Local 25 intends on calling to testify and prohibiting Defendant from making any reference to such witnesses at any stage of the trial, including the opening and closing. The grounds for this Motion is that such witness was not identified in answers to interrogatories supplied by Defendant nor was such witness disclosed as required by the Discovery Order issued by Judge Tauro. For such reason Judge Tauro had struck his affidavit in support of Defendant's Motion for Summary Judgment. In further support of his Motion, Goulet states as follows:

1.      On February 4, 2005, Judge Tauro issued a Discovery Order which directed that: "the parties shall, without awaiting a discovery request, provide to the other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information . . ." (Exhibit 1 attached

1

hereto.)

2.    On January 23, 2006, defendant Teamsters Local 25 filed its Memorandum in Support of its Motion for Summary Judgment.  Attached to this Memorandum was an Affidavit of Burton Trebour, a one time Vice President of Labor and Administration for a former company called A.P.A. Transport, Inc.

3.    Prior to filing this Affidavit, Teamster Local 25 never disclosed that Burton Trebour had any information relevant to this case.

4.    On March 7, 2004, in response to Judge Tauro's Discovery Order Teamsters Local 25 served its Automatic Disclosures.  It listed six persons who were likely to have discoverable information relative to the facts alleged in this case.  Teamsters Local 25 did not list Burton Trebour.  In fact, it did not list anyone from A.P.A. Transport, Inc. (Ex. 2)

5.    On August 17, 2005, Teamsters Local 25 served its Response to Plaintiff's First Set of Interrogatories.  In Interrogatory No. 2, Plaintiff asked Teamsters Local 25 to identify every person who has any knowledge relating to the matters referred to in the pending lawsuit.  Teamsters listed four persons.  However, Teamsters Local 25 did not list Burton Trebour.  In fact, it did not list anyone from A.P.A. Transport, Inc. Furthermore, Teamsters Local 25 never amended its answer to this Interrogatory. (Ex. 3)

6.    Discovery was closed as of November 1, 2005.

7.    By failing to identify Trebour during discovery and then relying upon his affidavit in its Motion for Summary Judgment, Teamsters Local 25 violated Judge Tauro's Order, Rule 26(a)(1) and Rule 33 of the Federal Rules of Civil Procedure and prejudiced

2

Plaintiff.

8.      Based upon the foregoing, on February 13, 2006, Goulet moved to strike the affidavit

of Burton Tebour.

9.      Based upon the foregoing, on March 16, 2006, Judge Tauro granted Goulet's Motion

to Strike Affidavit. (Ex. 4)

10.     For the same reasons, Teamsters Local 25 should now be prevented from call Burton

Tebour as a witness.

**WHEREFORE** Defendant Teamsters Local 25 should be prohibited from calling such witness to

testify and prohibited from making any reference to such witness at any stage of the trial, including

the opening and closing.

Craig Goulet

By his attorney

_Scott A. Lathrop_

_____

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

Dated:  June 19, 2006

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRAIG GOULET,

V
NEW PENN MOTOR EXPRESS, INC.

CIVIL ACTION No.04-12577 -JLT

DISCOVERY ORDER

TAURO, J.:

On or before, 2/22/05 the parties shall have exchanged and reviewed (1) all documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose.

A LIST OF THE PROPOSED DEPONENTS SHALL BE PRESENTED TO THE COURT AT THE SCHEDULING CONFERENCE.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information and

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than (5) days prior to the scheduled conference, of pending motions. Any motion not brought to the court's attention (5) days prior to the scheduled conference will be deemed denied as moot.

The court does not accept any letters requesting decision or action. Any such request must be in the form of a motion. Letters submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.

By the Court,
/s/  Zita Lovett,
DEPUTY CLERK

Dated: 2/4/05



EXHIBIT
1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CRAIG GOULET** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NEW PENN MOTOR EXPRESS** | ) |
| **Defendant** | ) |
| | ) |
| **and** | ) |
| | ) |
| **TEAMSTERS LOCAL 25** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS** | ) |
| | ) **CIVIL ACTION** |
| **Defendant,** | ) **NO. 04-12577-JLT** |
| | ) |

## AUTOMATIC DISCLOSURES OF DEFENDANT, TEAMSTERS LOCAL 25

Now comes the Defendant, through undersigned counsel, to make the following disclosures,

pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2.

A.    The Defendant reasonably believes that the following individuals are likely to

have discoverable information relative to the facts alleged in this case.

1.    Mark Harrington, Local 25, 544 Main Street, Charlestown, Massachusetts, 02129;

2.    Craig Goulet, 305 Cox Street, Hudson, Massachusetts, 01749;

3.    Doug Francey, Local 25, 544 Main Street, Charlestown, Massachusetts, 02129;

4.    William Carnes, Local 25, 544 Main Street, Charlestown, Massachusetts, 02129;

5.    George Cashman, Local 25, 544 Main Street, Charlestown, Massachusetts, 02129;

EXHIBIT
2

      6.    Ritchie Reardon, President, Local 25, 544 Main Street, Charlestown, MA 02129

B.    The Defendant hereby produces copies of the following documents in accordance

with Rule 26(a)(1)(B):

1.    New England Joint Area Grievance Committee Decision Form, decision dated October 16, 2001;

2.    Agreement between the Teamsters National Freight Industry Negotiating Committee and New Penn Motor Express, Inc., dated February 13, 2002;

3.    Summary of the Tentative Agreement between TNFINC and NPME as a Result of the Closure of APA Operations;

4.    Local 25 presentation brief regarding Craig Goulet's unjust termination grievance, Teamsters Local 25 v. APA Transport Corp., #87-404;

5.    October 16, 2001 Point of Order by APA Transport Corp., in Goulet v. APA Transport, Corp.

6.    Local 25's Respnse to Point of Order in Teamsters Local 25 v. APA Transport Corp., Case # 87-404;

7.    April 7, 2003 grievance filed by Craig Goulet;

8.    April 28, 2003 letter from George Cashman to Charles Zaccaria for the processing for the April 7, 2003 grievance of Craig Goulet;

9.    July 25, 2003 letter from Craig Goulet to Mark Harrington;

10.    November 24, 2003 letter from Craig Goulet to Mark Harrington;

11.    Local 25's presentation brief regarding Teamsters Union 25 v. New Penn Motor Express, Case No. SC-21-04, involving Craig Goulet;

The Defendant reserves the right to supplement this list as additional information becomes available.

Respectfully submitted,
Defendant,
**International Brotherhood of
Teamsters, Local 25**
By its attorneys,

*Kathleen A. Pennini*

Matthew E. Dwyer (BBO# 139840)
Kathleen A. Pennini (BBO# 654573)
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
617-723-9777

Date: March 7, 2005

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, hereby certify that I sent a copy of the foregoing document with attachments, via first–class mail, to:

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

Carl H. Glueck, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH 44113-1999

Nicholas Klinefeldt, Esq.
Kelly Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110

*Kathleen A. Pennini*

Kathleen A. Pennini

Dated: March 7, 2005

f:\125\goulet\pldg\automatic.disclosures.doc:blg

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CRAIG GOULET** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**NEW PENN MOTOR EXPRESS** )<br>**Defendant** )<br>)<br>**and** )<br>)<br>**TEAMSTERS LOCAL 25** )<br>**INTERNATIONAL BROTHERHOOD OF** )<br>**TEAMSTERS** )<br>)<br>**Defendant,** ) | **CIVIL ACTION**<br>**NO. 04-12577-JLT** |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### General Objections

Defendant objects to the Interrogatories to the extent that they are overly vague, unduly burdensome, do not identify with particularity the information sought, or are otherwise incomprehensible.

Defendant objects to the Interrogatories to the extent they seek to obtain information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

Defendant objects to the Interrogatories to the extent that they assume facts which are inaccurate.

Defendant objects to these Interrogatories because they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In providing response to these Interrogatories, the Defendant does not waive and expressly reserves all objections as to competency, relevancy, materiality, and admissibility of the responses.

Defendant objects to the Interrogatories to the extent that they seek information that is already in the possession of the Plaintiff.

Defendant objects to the Interrogatories to the extent that that are compound.

Defendant objects to these Interrogatories to the extent that they exceed the maximum number of Interrogatories that the Plaintiffs are permitted to propound upon the Defendant.

**EXHIBIT**

**3**

These general objections apply to and are incorporated into each individual response herein, whether or not expressly incorporated by reference in individual responses.

Defendant hereby reserves the right to supplement any response herein  .

## INTERROGATORY NO. 1

Please provide the occupation, job title, and relationship (if any) to you and identify consistent with the definition above each person whom you expect to call as an expert witness at trial and state as to each person:

a. All background information by which you intend to qualify each person as an expert witness;

b. The subject matter on which each witness is expected to testify;

c. The substance of the facts as to which each such expert is expected to testify;

d. The substance of opinions as to which each such expert is expected to testify; and

e. A summary of the grounds for each opinion to which each such expert is expected to testify.

## RESPONSE NO. 1

The Defendant does not anticipate calling any expert witnesses, but reserves its right to supplement its answer to this Interrogatory if it later determines that it expects to call any expert witness

## INTERROGATORY NO. 2

Please state the name and address of every person who has any knowledge relating to the matters referred to in the pending lawsuit, including, but not limited to any witness to or participants in the incidents or with knowledge of the allegations at issues or participants in the incidents at issue, and for each such person state:

a. the substance of the knowledge the person has; and

b. the source of the person's knowledge.

## RESPONSE NO. 2

The Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and calls for information protected from disclosure by attorney-client privilege. Subject to and without waiving said objections, the Defendant states that the following persons has knowledge related to the matters referred to the Plaintiff's lawsuit:

2

Mark Harrington, Secretary-Treasurer of Teamsters Local 25, 544 Main Street, Charlestown, MA 02129; Mr. Harrington, has knowledge of the following: as a former business agent for Local 25 with for A.P.A. Transport, has information relating to Mr. Goulet's 1987 grievance and October 16, 1987 arbitration award, including the terms of Mr. Goulet's reinstatement to A.P.A. Transport; as Business Agent for Local 25 with New Penn Motor Express, information concerning Mr. Goulet's complaint to Local 25 regarding the failure of New Penn Motor Express to call Mr. Goulet, the filing of Mr. Goulet's grievance with the Southern New England Joint Area Committee, and the July 24, 2004 decision of the Eastern Region Committee concerning Mr. Goulet's grievance that New Penn Motor Express improperly failed to call him off of the call list following the closure of the A.P.A.'s Canton, Massachusetts terminal.

William Carnes, former Vice President of Teamsters Local 25, 544 Main Street, Charlestown, MA 02129; Mr. Carnes, as the representative of Local 25 that dealt with New Penn Motor Express as of April 2003, received a handwritten complaint from the Plaintiff in April 2003 concerning his failure to be called by New Penn Motor Express from its call list.

George Cashman, former President of Teamsters Local 25, 544 Main Street, Charlestown, MA 02129; Mr. Cashman forwarded a copy of Mr. Goulet's complaint concerning his failure to be called from the New Penn Motor Express call list to Charles Zaccaria, Vice President of New Penn Motor Express

Doug Francey, former steward for the APA Transport Corp.'s Canton, Massachusetts terminal, 544 Main Street, Charlestown, MA 02129; Mr. Francey was told by Mr. Goulet that he wanted to be placed on the New Penn Motor Express call list for its Billerica, Massachusetts terminal.

## INTERROGATORY NO. 3

Please describe in detail the substance of any communications which Defendant's employees and/or agents had with the Plaintiff or any other person relating in any way to the incidents alleged in the Complaint, and for each such communication, please provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

## RESPONSE NO. 3

The Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome and seeks information that is protected from disclosure by privilege. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

Local 25 had the following communications concerning the incidents alleged in the Complaint: (1) Letter, dated April 21, 2004 from Ritchie Reardon to Craig Goulet; (2) Local 25's presentation brief concerning Case No. SC-21-04; (3) Letter, dated August 11, 2004 from Ritchie Reardon to Craig Goulet; (4) Letter, dated August 18, 2004, from Ritchie Reardon to Craig Goulet.

3

In addition, upon the request of Mr. Goulet, Local 25 sent Mr. Goulet the following form letter in either July or August 2003: (1) Letter dated February 21, 2002, from George Cashman to APA members regarding the closure of A.P.A. Transport Corp; (2) enclosures to the February 21, 2002 letter including: (a) document entitled "Collecting Unemployment Insurance in Massachusetts:2002; (b) document entitled "Career Centers in Massachusetts;" (c) two (2) page document entitled "How to File an Unemployment Insurance Claim;" (d) document entitled "Worksearch Activity Log;" (e) document entitled "Unemployment Insurance Benefit Claim Certification Form;" (f) two (2) page document entitled "Income Tax Withholding Request Form;" (g) document entitled "Health Insurance for Unemployment Insurance Claimants;" and (h) document entitled "Commonwealth Corporation's Workforce Response Center." This letter and its enclosures were not sent to Mr. Goulet on the dates listed in the correspondence as Mr. Goulet was not on the mailing list for APA employees with seniority since he had not fulfilled the terms required of the October 21, 2001 for his placement back on the A.P.A. seniority list as of the date of APA's closure.

The Defendant also states that there were telephone conversations between itself and Mr. Goulet on various dates. The Defendant reserves the right to supplement its answer to this Interrogatory.

## INTERROGATORY NO. 4

Please describe all facts within your knowledge to support the defense described above or alleged in your Answer, and for each identify any witnesses and/or documents supporting said defenses, and provide a brief summary of facts or which each such witness has knowledge relative to each such defense, of not provided in response to a previous interrogatory (ies).

## RESPONSE NO. 4

The Defendant objects to the Interrogatory to the extent that they are overly vague, unduly burdensome, do not identify with particularity the information sought, or are otherwise incomprehensible. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states as follows:

The Plaintiff should have filed any grievance that he may have had by April 1, 2002 and thus his April 7, 2003 "grievance" was untimely; Plaintiff was not eligible to be placed on the New Penn Motor Express call list as he had not fulfilled the requirements dictated by the October 16, 2001 decision for him to be placed back on the A.P.A. seniority list; the Plaintiff has failed to mitigate damages as he has not worked or made himself available to work since the October 16, 2001 decision; that the Plaintiff did not follow the established grievance procedure, including the filing of a grievance with the Company at the local level by submitting a grievance to the steward, but rather, mailed a handwritten grievance to Local 25.

## INTERROGATORY NO. 5

Please describe in detail defendant Teamsters Local 25's procedure for processing grievances received by it, for the years 2001 to date.

4

## RESPONSE NO. 5

The business agents for Local 25 do not usually receive grievances in the first instance at the first step of the grievance procedure. Rather, a grievant will complete a grievance form and give it to his shop steward. The steward and the grievant would file the grievance with the employer at the local level. Oftentimes, the grievance would be resolved at the local level or the parties would suspend the issue of timeliness in order to find a way to settle the grievance. If the grievance was not resolved at the local level, Local 25 would file, within thirty (30) days of the original grievance, at the appropriate grievance committee. Grievances arising from Articles 1 through 39 of the National Masters Freight Agreement (NMFA), are filed with the Eastern Region Joint Area Committee, and grievances arising under the Eastern Supplement of the NMFA (Articles 40 *et seq.*) are filed with the Southern New England Joint Area Association.

## INTERROGATORY NO. 6

Please describe in detail how docket numbers are assigned grievances filed with the Southern New England Joint Area Committee, for the years 2001 to date.

## RESPONSE NO. 6

The Defendant objects to this Interrogatory to the extent that it neither relevant to the issues in the litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states as follows:

Grievances filed with the Southern New England Joint Area Committee are assigned docket numbers according to the year in which they were filed, and the number of the grievance would be in the chronological order it was filed.

## INTERROGATORY NO. 7

Please describe in detail the procedure for processing grievances filed with the Southern New England Joint Area Committee for the years 2001 to date.

## RESPONSE NO. 7

If the parties are unable to resolve a grievance at the local level with the employer, Local 25 would file the grievance with the Southern New England Joint Area Committee for grievances that concern Articles 1 through 39 of the National Master Freight Agreement (NMFA).

## INTERROGATORY NO. 8

Please state the dates of which the Southern New England Joint Area Committee met between April 7, 2003 and July 26, 2004.

## RESPONSE NO. 8

The Southern New England Joint Area Committee met on the following dates between April 7, 2003 and July 26, 2004: June 5, 2003, July 16, 2003, August 20, 2003, September 17, 2003, November 19, 2003, April 28, 2004, and July 21, 2004.

## INTERROGATORY NO. 9

Attached as Exhibit 1 is the A.P.A. Transport Corp. Canton Seniority List for November 2001. With regard to this document, please:

    a.    Identify who created the seniority list;

    b.    State where this seniority list came from;

    c.    State whether this Seniority List was ever provided to defendant New Penn Motor Express, and if so, by whom it was provided, when it was provided, and how it was provided;

    d.    Identify all persons to whom this Seniority List was ever provided, indicating by whom it was provided, when it was provided, and how it was provided.

## RESPONSE NO. 9

    a.    This seniority list was created by APA Transport Corp.

    b.    The Defendant is without knowledge as to precise origination of this seniority list beyond the fact except that it was received by Local 25 from APA Transport Corp.

    c.    The Defendant objects to this Interrogatory to the extent that it is overly broad and calls for facts that are outside the knowledge of the Defendant. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states that it supplied New Penn Motor Express with a copy of this list as part of Mr. Goulet's arbitration case in July 2004. Defendant is without knowledge as to whether New Penn Motor Express had received this document by any other person or by any other means

    d.    The Defendant objects to this question as being overly broad and unduly burdensome and beyond the knowledge of the Defendant. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states that it supplied New Penn Motor Express with a copy of this list during Mr. Goulet's arbitration hearing at the Eastern Region Joint Area Committee in July 2004, and that it sent Mr. Goulet a copy of the list as the list was part of Local 25's presentation at the Eastern Region Joint Area Committee concerning Mr. Goulet's grievance.

6

## INTERROGATORY NO. 10

With regard to the agreement negotiated between defendant Teamsters Local 25 and defendant New Penn Motor Express (as referenced in paragraph 12 of the Complaint), please state:

    a.    Whether a ratification vote was ever held on this agreement;

    b.    If so,

        i.    Where this vote took place;

        ii.    When this vote took place; and

        iii.    How and when Local 25 members were notified of this ratification vote.

## RESPONSE NO. 10

The Defendant objects to this Interrogatory to the extent that it assumes facts that are inaccurate. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states that there was no agreement negotiated between Teamsters Local 25 and New Penn Motor Express.

## INTERROGATORY NO. 11

Please describe in detail all actions taken by defendant Teamsters Local 25 to put Craig Goulet on the defendant New Penn Motor Express call list for the Billerica, Massachusetts terminal.

## RESPONSE NO. 11

The Defendant objects to these Interrogatory to the extent that it is overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, for the purpose of making a good faith reply, the Defendant states as follows:

At the time of the closure of A.P.A., Mr. Goulet had still not performed the prerequisites necessary to be placed back on the seniority list at A.P.A. and had not yet returned to work with A.P.A.. Following the closure of A.P.A., Mr. Goulet spoke with steward Doug Francey about his desire to be placed at New Penn.

## INTERROGATORY NO. 12

Please describe in detail all communications between Teamsters Local 25 and defendant New Penn Motor Express with regards to Craig Goulet from March 1, 2002 to date.

7

## RESPONSE NO. 12

The Defendant objects to this Interrogatory to the extent that it is overly broad and seeks information that is not relevant to the issues raised in the litigation. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states that it had the following communications with New Penn Motor Express:

(1) By letter, dated April 18, 2003 George Cashman filed Mr. Goulet's complaint with Charles Zaccaria, Vice President of New Penn Motor Express is Billerica, Massachusetts; (2) Local 25 filed a form with the Southern New England Joint Area Committee concerning this matter; (3) Local 25 filed an Eastern Region Joint Area Committee Pre-Hearing Information form concerning this matter; and (4) Local 25 presented its brief and argument concerning Case No. SC-21-04. The Defendant reserves the right to supplement its response to this Interrogatory.

## INTERROGATORY NO. 13

Please state whether Craig Goulet ever filed a grievance with defendant Teamsters Local 25 with regard to his not being put on the defendant New Penn Motor Express call list for the Billerica, Massachusetts terminal. If so, please state:

   a.    When this grievance was filed with the defendant;

   b.    With whom Craig Goulet filed it;

   c.    All actions taken by defendant Teamsters Local 25 to process this grievance;

   d.    The dates on which defendant Teamsters Local 25 filed Goulet's grievance with any grievance committee or association and the identity of such grievance committee or association.

## RESPONSE NO. 13

The Defendant objects to this Interrogatory to the extent that it assumes facts that are inaccurate. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

   a.    Mr. Goulet sent a letter dated April 7, 2003, which he entitled "Grievance" to Local 25 on or after April 7, 2003

   b.    Mr. Goulet's complaint was received by William Carnes

   c.    By letter dated April 18, 2003, George Cashman sent for processing to Charles Zaccaria, Vice President of New Penn Motor Express in Billerica, Massachusetts an enclosure of Mr. Goulet's complaint concerning his failure to be called from the New Penn Motor Express call list for the Billerica, Massachusetts terminal.

d.    On September 3, 2003, Mark Harrington filed grievance with Southern New England Joint Area Committee. On April 20, 2004, he sent a pre-hearing form concerning this matter to the Eastern Region Joint Area Committee.

## INTERROGATORY NO. 14

Please state whether Craig Goulet's grievance against New Penn Motor Express was ever filed with the Southern New England Joint Area Committee. If so, please:

a.    State the date on which it was filed;

b.    Identify the person and/or entity that filed it.

## RESPONSE NO. 14

Mr. Goulet's grievance was filed with the Southern New England Joint Area Committee on September 3, 2003 by Mark Harrington.

## INTERROGATORY NO. 15

Please state whether Craig Goulet's grievance against defendant New Penn Motor Express was ever referred to the Eastern Region Joint Area Committee. If so, please state:

a.    The date it was referred;

b.    Who discussed and approved such referral;

c.    The docket number of the case referred to and filed with the Eastern Region Joint Area Committee;

d.    The date(s) on which it was scheduled to be heard;

e.    The reasons for any postponements of the hearing

## RESPONSE NO. 15

a.    The grievance was referred to the Eastern Region Joint Area Committee in 2004.

b.    The referral of this grievance from the Southern New England Joint Area Committee to the Eastern Region Joint Area Committee was discussed and approved by Robert Schaeffer and John Murphy.

c.    SC-21-04

d.    This grievance was scheduled to be heard, and was in fact heard by the Eastern Region Joint Area Committee on July 28, 2004.

e.    This hearing was never postponed at the Eastern Region Joint Area Committee.

## INTERROGATORY NO. 16

Please identify the person at defendant Teamsters Local 25 who was assigned to handle the contractual affairs between defendant New Penn Motor Express and defendant Teamsters Local 25 from April 1, 1998 to May 2, 2003.

## RESPONSE NO. 16

The Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, or seeks information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts that are inaccurate, and is in excess of the number of Interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

There was no one assigned at Teamsters Local 25 to handle contractual affairs between New Penn Motor Express and Local 25 as all "contractual affairs" between the parties were handled by Teamsters National Freight Industries Negotiating Committee (TNFINC). However, William Carnes was assigned to be the Local 25 "business agent" to handle issues arising between Local 25 and New Penn Motor Express from March 1, 2002 through May 2, 2003.

## INTERROGATORY NO. 17

Please identify the person at defendant Teamsters Local 25 who was assigned to handle the contractual affairs between defendant New Penn Motor Express and defendant Teamsters Local 25 from May 3, 2003, to date.

## RESPONSE NO. 17

The Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts that are inaccurate, and is in excess of the number of Interrogatories that are permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

There is no one assigned at Teamsters Local 25 to handle contractual affairs between New Penn Motor Express and Local 25 as all "contractual affairs" between the parties were handled by Teamsters National Freight Industry Negotiating Committee (TINFINC). Mark Harrington has been assigned to handle issues arising between Local 25 and New Penn Motor Express from May 3, 2003 to the present.

## INTERROGATORY NO. 18

Please identify the person at defendant Teamsters Local 25 who was assigned to handle the contractual affairs between A.P.A. Transport Corp. and defendant Teamsters Local 25 from April 1, 1998 to March 1, 2002.

10

## RESPONSE NO. 18

The Defendant objects to these Interrogatory to the extent that it is overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts that are not accurate, and is in excess of the number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

There is no one assigned at Teamsters Local 25 to handle contractual affairs between New Penn Motor Express and Local 25 as all "contractual affairs" between the parties were handled by Teamsters National Freight Industry Negotiating Committee (TNFINC). Mark Harrington was assigned to handle issues arising between Local 25 and A.P.A. Transport Corp. from April 1, 1998 through March 1, 2002.

## INTERROGATORY NO. 19

Please identify the person at defendant Teamsters Local 25 who was responsible for compiling the seniority lists for the A.P.A. Transport Corp. Canton, Massachusetts and Dracut, Massachusetts, terminals for the purpose of the agreement referenced in paragraph 12 of the Complaint.

## RESPONSE NO. 19

The Defendant objects to these Interrogatory to the extent that it is overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts that are not accurate, and is in excess of the number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows:

Local 25 is not the party responsible for compiling seniority lists.

## INTERROGATORY NO. 20

Did defendant Teamsters Local 25 ever refer Craig Goulet to defendant New Penn Motor Express for work opportunity. If so, please:

    a.    State the date on which this was done; and

    b.    Describe in detail all actions with regard to such referral.

## RESPONSE NO. 20

The Defendant objects to these Interrogatory to the extent that it is overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts that are not accurate, is a compound interrogatory and is in excess of the number of interrogatories allowed

11

by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, for the purpose of making a good faith reply, the Defendant states as follows

Local 25 has never referred the Plaintiff nor did the Plaintiff asked to be referred to New Penn Motor Express for any work opportunities.

## INTERROGATORY NO. 21

Please state whether a copy of the letter dated April 18, 2003, from defendant Teamsters Local 25 to Mr. Charles Zaccaria, Vice President of defendant New Penn Motor Express, ever forwarded to the Southern New England Joint Area Committee, or any other grievance committee or association. If so, please state:

    a.    The date on which such grievance was forwarded; and

    b.    To whom it was forwarded.

## RESPONSE NO. 21

The Defendant objects to this Interrogatory to the extent that it is a compound interrogatory and is in excess of the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, the Defendant states as follows:

Local 25 is uncertain whether it ever forwarded this letter to the Southern New England Joint Area Committee.

## INTERROGATORY NO. 22

Please identify the secretaries to the New England Joint Area Committee from April 1, 1998 to July 26, 2004.

## RESPONSE NO. 22

The Defendant objects to this Interrogatory to the extent that it is in excess of the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, the Defendant states as follows:

Robert Schaeffer has been a co-secretary of the Southern New England Joint Area Committee for the time period in question; William Carnes was a co-secretary of the Southern New England Joint Area Committee from April 1, 1998 through May 2003; and John Murphy has been serving as co-secretary of the Southern New England Joint Area Committee from May 2003 to the present date.

## INTERROGATORY NO. 23

Please describe in detail the duties of the secretaries to the New England Joint Area Committee, including any duties regarding grievances filed with or received by the Committee, from April 1, 1998 to July 26, 2004.

## RESPONSE NO. 23

The Defendant objects to this Interrogatory to the extent that it is in excess of the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, the Defendant states as follows:

It is the duty of the Co-Secretaries of the Southern New England Joint Area Committee to prepare an agenda and docket of cases at least ten (10) days prior to each meeting of the Southern New England Joint Area Committee and mailing said docket at least seven (7) days prior to a Committee meeting, to select the members to serve on the panel for each case that is to be heard at a Committee meeting, to jointly prepare a written decision and any interpretation of each case heard by the Committee following each Committee meeting, and forward copies of these decisions to the Company and Local Union involved as well as to the Union and the Employer members of the Committee hearing that case. The co-secretaries are also responsible for setting the dates and locations of Committee meetings.

## INTERROGATORY NO. 24

Please identify the secretaries to the Eastern Region Joint Area Committee from March 1, 2002 to date.

## RESPONSE NO. 24

The Defendant objects to this Interrogatory to the extent that it is in excess of the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, the Defendant states as follows:

Daniel Virtue and Robert Schaeffer served as the co-secretaries of the Eastern Region Joint Area Committee for the period in question.

## INTERROGATORY NO. 25

Please describe in detail the duties of the secretaries to the Eastern Region Joint Area Committee, including any duties regarding grievances filed with or received by the Committee from March 1, 2002 to date.

## RESPONSE NO. 25

The Defendant objects to this Interrogatory to the extent that it is in excess of the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, the Defendant states as follows:

13

It is the duty of the Co-Secretaries of the Eastern Region Joint Area Committee to prepare an agenda and docket of cases for each meeting of the Eastern Region Joint Area Committee, to jointly prepare a written decision and any interpretation of each case heard by the Committee following each Committee meeting, and forward copies of these decisions to the Company and Local Union involved as well as to the Union and the Employer members of the Committee hearing that case.

Signed under the pains and penalties of perjury this __ day for August 2005

Mark Harrington

As to the objections:

Kathleen A. Pennini

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, hereby certify that I sent a copy of the foregoing document with attachments, via first-class mail, to:

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

Carl H. Glueck, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH 44113-1999

Nicholas Klinefeldt, Esq.
Kelly Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110

Kathleen A. Pennini

Dated: August __, 2005
f:\l25\goulet\pldg\l25.resp.first.set.ints.doc:blg

14

## Scott A. Lathrop

| | |
|---|---|
| **From:** | <ECFnotice@mad.uscourts.gov> |
| **To:** | <CourtCopy@mad.uscourts.gov> |
| **Sent:** | Thursday, March 16, 2006 4:29 PM |
| **Subject:** | Activity in Case 1:04-cv-12577-JLT Goulet v. New Penn Motor Express, Inc. et al "Order on Motion for Summary Judgment" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 3/16/2006 at 3:29 PM EST and filed on 3/16/2006

**Case Name:** Goulet v. New Penn Motor Express, Inc. et al
**Case Number:** 1:04-cv-12577
**Filer:**
**Document Number:**

**Docket Text:**
Judge Joseph L. Tauro : Electronic ORDER entered denying [38] Motion for Summary Judgment, granting [47] Motion to Strike Affidavit, denying [27] Motion for Summary Judgment (Abaid, Kim)

The following document(s) are associated with this transaction:

### 1:04-cv-12577 Notice will be electronically mailed to:

Matthew E. Dwyer    med@dwyerdf.com

Carl H. Gluek    cgluek@frantzward.com, dlbeatrice@frantzward.com

Scott A. Lathrop    slathrop@lathroplawoffices.com

Frank A. Libby , Jr    falibby@klhboston.com

Kathleen A. Pennini    kah@dwyerdf.com

### 1:04-cv-12577 Notice will not be electronically mailed to:

**EXHIBIT**

*tabbies*

*4*