UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 WGY

*****************************************
CRAIG GOULET,                            *
    Plaintiff                            *
                                         *
v.                                       *
                                         *
NEW PENN MOTOR EXPRESS, INC., and *
TEAMSTERS LOCAL 25,                      *
INTERNATIONAL BROTHERHOOD OF             *
TEAMSTERS,                               *
    Defendants                           *
*****************************************

## PLAINTIFF'S SECOND MOTION IN LIMINE

Plaintiff Craig Goulet moves this Court to issue an Order excluding witnesses whom Defendant New Penn Motor Express intends on calling to testify and prohibiting Defendant from making any reference to such witnesses at any stage of the trial, including the opening and closing. The grounds for this Motion is that such witnesses were not previously identified in answers to interrogatories supplied by Defendant nor was such witness disclosed as required by the Discovery Order issued by Judge Tauro. For such reasons, Judge Tauro had struck the affidavit of one of these persons in support of Defendant Teamster's Local 25's Motion for Summary Judgment. In further support of his Motion, Goulet states as follows:

1.      On February 4, 2005, Judge Tauro issued a Discovery Order which directed that: "the parties shall, without awaiting a discovery request, provide to the other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in

1

the pleadings, identifying the subjects of the information . . ." (Exhibit 1 attached hereto.)

2.    On or about June 14, 2006, Defendant New Penn Motor Express emailed to the undersigned its list of witnesses.   On this list were two persons never previously identified:   Andy Kerlik from New Penn Motor Express and Burton Trebour.

3.    On January 23, 2006, defendant Teamsters Local 25 filed its Memorandum in Support of its Motion for Summary Judgment.  Attached to this Memorandum was an Affidavit of Burton Trebour, a one time Vice President of Labor and Administration for a former company called A.P.A. Transport, Inc.  Prior to filing this Affidavit, Teamster Local 25 never disclosed that Burton Trebour had any information relevant to this case.

4.    On February 17, 2005, New Penn Motor Express served its Automatic Disclosures. It listed nine persons who were likely to have discoverable information relative to the facts alleged in this case.  New Penn Motor Express did not list either Andrew Kerlik or Burton Trebour.  (Ex. 2)

5.    On July 7, 2005, New Penn Motor Express served its Response to Plaintiff's First Set of Interrogatories.  In Interrogatory No. 2, Plaintiff asked New Penn Motor Express 25 to identify every person who has any knowledge relating to the matters referred to in the pending lawsuit.  New Penn did not add anyone to its list.  More specifically, it did not identify either Andrew Kerlik or Burton Trebour.  (Ex.  3)

6.    Discovery was closed as of November 1, 2005.

7.    By failing to identify Kerlik and Trebour during discovery and then listing them on their witness list, New Penn Motor Express violated Judge Tauro's Order, Rule 26(a)(1) and Rule 33 of the Federal Rules of Civil Procedure and prejudiced Plaintiff.

2

8.      Based upon defendant Teamsters Local 25's similar action during summary judgment, on February 13, 2006, Goulet moved to strike the affidavit of Burton Tebour.

9.      Based upon the foregoing, on March 16, 2006, Judge Tauro granted Goulet's Motion to Strike Affidavit (of Burton Trebour). (Ex. 4)

10.     For the similar reasons, New Penn Motor Express should now be prevented from calling either Andrew Kerlik or Burton Tebour as a witness.

**WHEREFORE** Defendant New Penn Motor Express should be prohibited from calling such witnesses to testify and prohibited from making any reference to such witnesses at any stage of the trial, including the opening and closing.

Craig Goulet

By his attorney

_____
Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

Dated:  June 19, 2006

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRAIG GOULET,

V

NEW PENN MOTOR EXPRESS, INC.

CIVIL ACTION No.04-12577 -JLT

DISCOVERY ORDER

TAURO,.J.:

On or before, 2/22/05 the parties shall have exchanged and reviewed (1) all  documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose.

A LIST OF THE PROPOSED DEPONENTS SHALL BE PRESENTED TO THE COURT AT THE SCHEDULING CONFERENCE.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual  likely to have discoverable information relevant to disputed facts alleged with particularity  in the pleadings, identifying the subjects of the information and

(B) a copy of, or a description by category and location of, all documents, data compilations,  and tangible things in the possession, custody, or control of the party that are relevant to disputed facts  alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than (5) days prior to the   scheduled conference, of pending motions. Any motion not brought to the court's  attention (5) days prior to the scheduled conference will be deemed denied as moot.

The court does not accept any letters requesting decision or action. Any such request must be in the form of a motion. Letters submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.

By the Court,
/s/   Zita Lovett,
DEPUTY CLERK

Dated: 2/4/05

EXHIBIT
1

## SWORN STATEMENT PURSUANT TO LOCAL RULE 26.1(B)

I, Andrew J. Kerlik, Vice President of Human Resources at New Penn Motor Express, being duly sworn according to law state as follows:

To the best of my belief, the following individuals have witnessed the transaction or occurrence giving rise to the claim or otherwise are believed to have substantial discoverable information about the claims or defenses:

1.  George Cashman – Mr. Cashman would have knowledge regarding New Penn Motor Express's contractual obligations with Teamsters Local 25, the fact that Mr. Goulet was not on any seniority list provided to New Penn Motor Express, and the grievance filed by Mr. Goulet against New Penn Motor Express.

2.  William Carnes – Mr. Carnes would have knowledge regarding New Penn Motor Express's contractual obligations with Teamsters Local 25, the fact that Mr. Goulet was not on any seniority list provided to New Penn Motor Express, and the grievance filed by Mr. Goulet against New Penn Motor Express.

3.  Richey Reardon – Mr. Reardon would have knowledge regarding New Penn Motor Express's contractual obligations with Teamsters Local 25, the fact that Mr. Goulet was not on any seniority list provided to New Penn Motor Express, and the grievance filed by Mr. Goulet against New Penn Motor Express.



EXHIBIT
2

4.     Mark Harrington – Mr. Harrington would have knowledge regarding New Penn Motor Express's contractual obligations with Teamsters Local 25, the fact that Mr. Goulet was not on any seniority list provided to New Penn Motor Express, and the grievance filed by Mr. Goulet against New Penn Motor Express.

5.     R.L. Schaeffer – Mr. Schaeffer would have information regarding the denial of Mr. Goulet's grievance.

6.     Ronald Jenkins – Mr. Jenkins would have information regarding the denial of Mr. Goulet's grievance.

7.     Daniel Schmidt – Mr. Schmidt would have information regarding New Penn Motor Express's contractual obligations with respect to Teamsters Local 25, the fact that Mr. Goulet's name never appeared on any seniority list for New Penn Motor Express, and he would have information regarding the reasons why New Penn Motor Express did not violate the collective bargaining agreement by not calling Mr. Goulet.

8.     Paul Dubiel – Mr. Dubiel would have information regarding New Penn Motor Express's contractual obligations with respect to Teamsters Local 25, the fact that Mr. Goulet's name never appeared on any seniority list for New Penn Motor Express, and he would have information regarding the reasons why New Penn Motor Express did not violate the collective bargaining agreement by not calling Mr. Goulet.

9.      Charles Zaccaria – Mr. Zaccaria would have information regarding New

        Penn Motor Express's contractual obligations with respect to Teamsters

        Local 25, the fact that Mr. Goulet's name never appeared on any seniority

        list for New Penn Motor Express, and he would have information

        regarding the reasons why New Penn Motor Express did not violate the

        collective bargaining agreement by not calling Mr. Goulet.

                                                    _____
                                                    Andrew J. Kerlike

Sworn to and subscribed in my presence on this 17th day of February 2005.

                                                    _____
                                                    Notary Public

Notarial Seal
Elisa M. Galbraith, Notary Public
City of Lebanon, Lebanon County
My Commission Expires July 22, 2006
Member, Pennsylvania Association of Notaries

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG GOULET, | ) | CASE NO. 04-12577 JLT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S RESPONSE TO |
| | ) | PLAINTIFF'S FIRST SET OF |
| NEW PENN MOTOR EXPRESS, INC., | ) | INTERROGATORIES TO DEFENDANT |
| et. al., | ) | NEW PENN MOTOR EXPRESS |
| | ) | |
| Defendant. | ) | |

1.    Please provide the occupation, job title and relations (if any) to you and identify

consistent with the above definition each person whom you expect to call as an expert witness at

trial and state as to each such person:

      a.    All background information by which you intend to qualify each such person as

an expert witness;

      b.    The subject matter on which each such expert is expected to testify;

      c.    The substance of the facts to which each such expert is expected to testify;

      d.    The substance of opinions to which each such expert is expected to testify; and

      e.    A summary of the grounds for each opinion to which each such expert is expected

to testify.

      **ANSWER:**    At this time, Defendant has not retained an expert witness. Defendant will
                supplement as required by the Federal Rules of Civil Procedure and any
                local court rule.

EXHIBIT
3

2.      Please state the name and address of every person who has any knowledge relating to the matters referred to in the pending lawsuit including, but not limited to, any witness to or participants in the incidents or with knowledge of the allegations at issue or participants in the incidents at issue, and for each such person state:

    a.      the substance of the knowledge the person has; and

    b.      The source of the person's knowledge.

    **ANSWER:**    See Defendant's initial disclosures. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see the documents already produced by the Defendant.

3.      Please describe in detail the substance of any communications which Defendant's employees and/or agents had with the Plaintiff or any other person relating in any way to the incidents alleged in the Complaint, and for each such communication, kindly provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

    **ANSWER:**    Outside of the grievance proceeding, to Defendant's knowledge, Defendant's employees have not had any communications with the Plaintiff.

4.      Please describe in detail the substance of any communications which Defendant's employees and/or agents had with defendant Teamsters Local 25's employees and/or agents or any other person relating in any way to the incidents alleged in the Complaint, and for each such communication, kindly provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

    **ANSWER:**    Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see the documents already produced by the Defendant. In addition, in approximately May 2003, Paul Dubiel asked William Carnes why the grievance was filed against the Defendant.

5.    Please describe all facts within your knowledge of the defenses described above or

alleged in your Answer, and for each identify any witnesses and/or documents supporting said

defenses, and provide a brief summary of facts of which each such witnesses has knowledge

relative to each such defense, if not provided in response to a previous interrogatory(ies).

> **ANSWER:**    Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see the
> documents already produced.

6.    Please describe in detail defendant New Penn Motor Express' procedure for possessing

grievances received by it, for the years 2001 to date.

> **ANSWER:**    Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see the
> collective bargaining agreements that have already been produced.

7.    Attached as Exhibit 1 is the A.P.A. Transport Corp. Canton Seniority List for November,

2001 (which document was produced by defendant Teamsters Local 25). With regard to this

document, please state if defendant New Penn Motor Express ever received this document. If so,

please:

   a.    Identify who received this Seniority List;

   b.    When this Seniority List was received; and

   c.    The method whereby it was received.

> **ANSWER:**    Objection. The document attached is marked as Exhibit 2. Assuming that
> Exhibit 2 is the document intended to be referred to in Interrogatory No. 7,
> Defendant states that it received the document at some point in time,
> although it does not recall precisely when, at its corporate office from
> A.P.A.

3

8.    Please describe in detail all actions taken by defendant Teamsters Local 25 to put Craig

Goulet on the defendant New Penn Motor Express call list for the Billerica, Massachusetts,

terminal.

   **ANSWER:**    Defendant is not aware of any action taken by Teamsters Local 25.

9.    Please describe in detail all communications between defendant Teamsters Local 25 and

defendant New Penn Motor Express with regard to Craig Goulet from March 1, 2002, to date.

   **ANSWER:**    See response to Interrogatory No. 4.

10.    Please state whether defendant New Penn Motor Express ever received a grievance filed

by Craig Goulet with regard to his not being put on the defendant New Penn Motor Express call

list for the Billerica, Massachusetts, terminal. If so, please state:

   a.    When this grievance was first received;

   b.    Who first received this grievance;

   c.    The method whereby it was received; and

   d.    all actions taken by defendant New Penn Motor Express to respond to this

grievance.

   **ANSWER:**    The grievance was received by U.S. mail on or after April 18, 2003 at the
            Billerica terminal by Paul Dubiel. Mr. Dubiel discussed the matter with
            Daniel Schmidt and it was determined to be untimely.

11.    Please identify the person at defendant New Penn Motor Express who was assigned to

handle the contractual affairs between defendant New Penn Motor Express and defendant

Teamsters Local 25 from April 1, 1998, to date.

   **ANSWER:**    Daniel Schmidt, V.P. Labor Relations
            Charles Zaccaria, Regional Manager
            Paul Dubiel, Terminal Manager

4

12.     Did defendant Teamsters Local 25 refer Craig Goulet to defendant New Penn Motor

Express for work opportunity. If so, please:

    a.    State the date on which this was done; and

    b.    Describe in detail all actions taken with regard to such referral.

    **ANSWER:**    No.

13.     Please state whether defendant New Penn Motor Express purchased the A.P.A. Transport

Corp. customer list. If so, please state the date when this purchase was completed.

    **ANSWER:**    The customer list was not purchased from A.P.A.

14.     Please describe in detail what action, if any, that defendant New Penn Motor Express

took upon receipt of the letter dated April 18, 2003, from defendant Teamsters Local 25 to Mr.

Charles Zaccaria, Vice President of New Penn Motor Express Inc., which letter was in regard to

Craig Goulet.

    **ANSWER:**    Objection. Without the letter being attached, Defendant cannot answer this interrogatory.

15.     Please state whether A.P.A. Transport Corp. ever provide defendant New Penn Motor

Express with any seniority list for any A.P.A. Transport Corp. terminals. If so, please:

    a.    State when the list(s) was (were) received;

    b.    Identify who received the list(s);

    c.    Describe in detail what, if anything, was done with the list(s);

    d.    Describe in detail what actions were taken, if any, with regard to the list(s); and

    e.    Identify the actual list(s) received.

    **ANSWER:**    See response to Interrogatory No. 7. Also, Defendant used the list to check seniority.

5

16.    When and how was defendant New Penn Motor Express first put on notice that Craig

Goulet wished to be placed on defendant New Penn Motor Express' Billerica, Massachusetts,

terminal call list.

   **ANSWER:**    Defendant first learned that Plaintiff wished to be placed on the terminal
                  call list when it received a copy of the grievance on or about April 18,
                  2003.

17.    At any time prior to March 31, 2003, was the list of former A.P.A. Transport Corp.

employees on the defendant New Penn Motor Express Billerica, Massachusetts, terminal call list

exhausted? If so, please state when.

   **ANSWER:**    Yes. Defendant does not recall at this time when it was exhausted.

18.    Were any A.P.A. Transport Corp. employees offered a second opportunity to place their

names on any call list with defendant New Penn Motor Express between March 1, 2002, and

March 31, 2003? If so, please:

   a.    Identify each employee; and

   b.    Stat the date when such second opportunity was offered.

   **ANSWER:**    Not to Defendant's knowledge.

19.    Please state whether defendant New Penn Motor Express was ever provided with any list

or identification of A.P.A. Transport Corp. employees who were collecting worker's

compensation benefits or disability. If so, please:

   a.    Identify who provided this list or identification;

   b.    State when this list or identification was provided; and

   c.    Identify who received this list or identification.

   **ANSWER:**    No.

6

20.    Please state the number of times, if any, that defendant New Penn Motor Express postponed the grievance hearing before the Southern New England Joint Area Committee regarding grievance filed by Craig Goulet.

   **ANSWER:**    Once.

21.    Please state whether defendant New Penn Motor Express ever directly notified any A.P.A. Transport Corp. employee regarding being placed on a call list. If so, please:

   a.    State when the notification was made;

   b.    Identify who made the notification;

   c.    Describe in detail what the notification indicated; and

   d.    Identify the actual notification.

   **ANSWER:**    No.

22.    Please state whether defendant New Penn Motor Express ever offered any A.P.A. Transport Corp. employees work opportunities covered by article 14, section 2, and article 14, section 3, of the 1998-2003 National Master Freight Agreement. If so, please:

   a.    Identify those employees;

   b.    State the date when such work opportunities were offered;

   c.    Identify the terminals for which such work opportunities were offered.

   **ANSWER:**    No.

7

**AS TO OBJECTIONS:**

Craig Goulet

By his attorney

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2005, a copy of *Defendant's Response to Plaintiff's First Set of Interrogatories to Defendant New Penn Motor Express* was sent via facsimile and regular U.S. mail, postage prepaid to Scott A. Lathrop, Esq., *Attorney for Plaintiff*, Scott A. Lathrop & Associates, 122 Old Ayer Road, Groton, MA 01450 and Matthew E. Dwyer, Esq., *Attorney for Teamsters Local 25*, Dwyer, Duddy, Facklam, One Center Plaza, Suite 360, Boston, MA 02108.

*Attorney for Defendants*

9

## Scott A. Lathrop

From:      <ECFnotice@mad.uscourts.gov>
To:        <CourtCopy@mad.uscourts.gov>
Sent:      Thursday, March 16, 2006 4:29 PM
Subject:   Activity in Case 1:04-cv-12577-JLT Goulet v. New Penn Motor Express, Inc. et al "Order on
           Motion for Summary Judgment"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 3/16/2006 at 3:29 PM EST and
filed on 3/16/2006
**Case Name:**        Goulet v. New Penn Motor Express, Inc. et al
**Case Number:**      1:04-cv-12577
**Filer:**
**Document Number:**

**Docket Text:**
Judge Joseph L. Tauro : Electronic ORDER entered denying [38] Motion for Summary Judgment,
granting [47] Motion to Strike Affidavit, denying [27] Motion for Summary Judgment (Abaid, Kim)

The following document(s) are associated with this transaction:

**1:04-cv-12577 Notice will be electronically mailed to:**

Matthew E. Dwyer    med@dwyerdf.com

Carl H. Gluek    cgluek@frantzward.com, dlbeatrice@frantzward.com

Scott A. Lathrop    slathrop@lathroplawoffices.com

Frank A. Libby , Jr    falibby@klhboston.com

Kathleen A. Pennini    kah@dwyerdf.com

**1:04-cv-12577 Notice will not be electronically mailed to:**

EXHIBIT
4