UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG GOULET, | ) | Civil Action No. 04-12577 JLT |
| | ) | |
| Plaintiff, | ) | JUDGE WILLIAM G. YOUNG |
| | ) | |
| vs. | ) | |
| | ) | |
| NEW PENN MOTOR EXPRESS, INC., | ) | **NEW PENN'S MEMORANDUM IN** |
| *et. al.,* | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **SECOND MOTION IN LIMINE** |
| Defendants. | ) | |

## INTRODUCTION

Defendant, New Penn Motor Express, Inc. ("New Penn") requests that this Court deny Plaintiff's Second Motion in Limine.  The witnesses whom Plaintiff seeks to exclude – Mr. Andrew Kerlik and Mr. Burton Trebour -- were identified in discovery by New Penn and Defendant Teamsters Local 25 ("Local 25") as potential witnesses.  While Plaintiff is and has been aware of these witnesses, Plaintiff chose not to depose them.  Thus, there is no basis for the exclusion of their testimony.  Nevertheless, and despite the fact that the discovery deadline has passed, New Penn will not object should Plaintiff wish to depose Mr. Kerlik and/or Mr. Trebour prior to trial.

## MEMORANDUM IN SUPPORT

### I.   Mr. Kerlik Should Be Permitted To Testify As New Penn's Corporate Representative

At the time of New Penn's automatic disclosures, New Penn was only required to disclose those persons whom it thought had discoverable information.  At that time, no discovery had occurred and New Penn did not realize that Mr. Kerlik might have relevant information.

In making the automatic disclosures, New Penn was not attempting to hide the identity of Mr. Kerlik from Plaintiff.  In fact, Mr. Kerlik's identity has been well-known to him since the outset of this litigation.  Indeed, Mr. Kerlik separately verified New Penn's automatic disclosures (*see*, Plaintiff's "Exhibit 2" to his Motion in Limine), along with New Penn's discovery responses.  In so doing, Mr. Kerlik identified himself as a potential witness in this case. Plaintiff's failure to depose Mr. Kerlik in discovery should not now work to the detriment of New Penn and should not result in the exclusion of his trial testimony.  Indeed, despite the fact that the discovery deadline has passed, and in the interest of fairness to all of the parties, Defendant will not object if Plaintiff now chooses to depose Mr. Kerlik prior to trial.  Plaintiff is therefore precluded from claiming any prejudice as a result of Mr. Kerlik's trial testimony.

In addition, New Penn will likely need to utilize Mr. Kerlik at trial because of the unavailability of Daniel Schmidt, New Penn's Director of Labor Relations.  Mr. Schmidt is scheduled to be in Buffalo, New York on June 20 and June 21 in front of the Area Joint Councils in the capacity of the employers' arbitrator.   These Joint Councils were set in January.  In addition, Mr. Schmidt is scheduled to be on a previously scheduled vacation for June 28 and June 29.  New Penn therefore intends to call Mr. Andrew Kerlik, the Vice President of Risk Management and Human Resources Director, to testify.  Mr. Kerlik's testimony will be limited to the same scope and substance as Mr. Schmidt's expected testimony.  That is, Mr. Kerlik will testify regarding his knowledge of New Penn's "contractual obligations with respect to Teamsters Local 25, the fact that Mr. Goulet's name never appeared on any seniority list for New Penn" and "the reasons why New Penn Motor Express did not violate the collective bargaining agreement by not calling Mr. Goulet." (*See* New Penn's Automatic Disclosures, Sworn

Statement of Mr. Kerlik, attached as Exhibit 2 to Plaintiff's Motion in Limine). Plaintiff cannot claim prejudice by this switch because he never even deposed Mr. Schmidt.

## II.    Mr. Trebour Should Be Permitted To Testify At Trial

Defendant Local 25 identified Mr. Burton Trebour as a potential witness in its responsive documents to Plaintiff's written discovery requests.  At the time of New Penn's automatic disclosures, New Penn was therefore unaware of Mr. Trebour's existence and/or his knowledge regarding any discoverable matters.  Accordingly, New Penn did not and could not have identified Mr. Trebour at that time as a potential witness.

Plaintiff is and has been aware of Mr. Trebour's existence but, again, chose not to depose him.  Nevertheless, to obviate any claim of prejudice on the part of Plaintiff as a result of Mr. Trebour's addition to New Penn's witness list, New Penn will not object to Plaintiff's pre-trial deposition of Mr.  Trebour.

### CONCLUSION

For the foregoing reasons, Defendant New Penn Motor Express, Inc. hereby moves this Honorable Court for an Order denying Plaintiff's Second Motion in Limine.

Respectfully submitted,


/s/ Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio  44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)

and

Sharon Lahey
slahey@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts  02110
(617) 338-9300
(617) 338-9911 (facsimile)

*Attorneys for Defendant New Penn Motor Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of New Penn's Memorandum in Opposition to Plaintiff's Second Motion in Limine was served upon  Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA  02108, via electronic filing 16th day of June, 2006.


/s/ Carl H. Gluek
Attorney for Defendants