**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **CRAIG GOULET,** | ) | **CASE NO. 04-12577 JLT** |
| | ) | |
| Plaintiff, | ) | **JUDGE WILLIAM G. YOUNG** |
| | ) | |
| vs. | ) | |
| | ) | |
| **NEW PENN MOTOR EXPRESS, INC., et al.,** | ) | **PROPOSED JURY INSTRUCTIONS** |
| | ) | **JURY INSTRUCTIONS OF** |
| Defendants. | ) | **DEFENDANT NEW PENN MOTOR EXPRESS, INC.** |

Defendant New Penn Motor Express, Inc. ("Defendant" or "New Penn") hereby submits the attached proposed jury instructions for the review of the Court. Defendant reserves the right to supplement these jury instructions depending upon the evidence presented at trial. Defendant will also supplement these instructions with Special Interrogatories.

Respectfully submitted,

/s/ Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio  44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)
         and
Sharon Lahey
slahey@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts  02110
(617) 338-9300
(617) 338-9911 (facsimile)

*Attorneys for Defendant New Penn Motor Express, Inc.*

2

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of New Penn's Proposed Jury Instructions was served upon Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing and ordinary U.S. mail, postage prepaid, this 16th day of June, 2006.

/s/ Carl H. Gluek
Attorney for Defendants

## TABLE OF CONTENTS

| Proposed Instruction No. | Instruction Name | Page No. |
|---|---|---|
| 1 | General Introduction – Province of the Court and Jury | 4 |
| 2 | All Persons Equal Before the Law | 5 |
| 3 | Evidence in the Case | 6 |
| 4 | Questions Not Evidence | 7 |
| 5 | Preponderance of the Evidence | 8 |
| 6 | Credibility of Witnesses – Discrepancies in Testimony | 9 |
| 7 | LMRA §301-Elements and Burden of Proof-Hybrid Claim | 11 |
| 8 | LMRA §301-Damages | 12 |
| 9 | Mitigation of Damages | 14 |
| 10 | Effect of Instructions as to Damages | 15 |
| 11 | Verdict – Unanimous – Duty To Deliberate | 16 |
| 12 | Election of Foreperson – Special Interrogatories | 17 |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

**General Introduction – Province of the Court and Jury**

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

(Counsel has quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.)

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Devitt *et al*., Federal Jury Practice and Instructions § 71.01 (4th ed. 1987).
Given  _____
Given as modified  _____
Denied  _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

### All Persons Equal Before the Law

You must all realize the importance in our system of equality before the law. All parties come to this Court as equals in the sense of being entitled to the same benefits and being held to the same responsibilities under the law. The fact that Defendant New Penn Motor Express, Inc. is a corporation and Teamsters Local 25 is an association must not enter into or affect your deliberations. A corporation and an association are entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Nor are you permitted to take into account the financial status of the parties or their place of doing business. Those considerations are totally irrelevant to your role as fact finder. The parties are to be treated exactly the same under the law.

3 Devitt *et al.*, Federal Jury Practice and Instruction §§ 71.03, 71.04 (4th ed. 1987).

Given  _____

Given as modified  _____

Denied  _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

**Evidence in the Case**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

---

3 Devitt *et al*., Federal Jury Practice and Instructions § 71.08 (4th ed. 1987).

Given _____

Given as modified _____

Denied _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's statements are not evidence.

3 Devitt *et al*., Federal Jury Practice and Instructions § 71.12 (4th ed. 1987).

Given _____

Given as modified _____

Denied _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

**<u>Preponderance of the Evidence</u>**

Plaintiff has brought a civil action against the Defendants. Therefore, the burden is on Mr. Goulet to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Mr. Goulet's claim by a preponderance of the evidence, you should find for the Defendants.

As to certain affirmative defenses, which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the Defendants, as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Devitt *et al*., <u>Federal Jury Practice and Instructions</u> § 72.01 (4th ed. 1987).
Given _____
Given as modified _____
Denied _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses – Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

---

3 Devitt *et al*., Federal Jury Practice and Instructions § 73.01 (4th ed. 1987).
Given _____
Given as modified _____
Denied _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**LMRA §301-Elements And Burden of Proof – Hybrid Claim**

Mr. Goulet has brought an action against the Defendants pursuant to §301 of the Labor Management Relations Act.  In order to succeed on this claim, Mr. Goulet must prove by a preponderance of the evidence all of the following elements:

1. New Penn breached the collective bargaining agreement with the Teamsters by failing to place Mr. Goulet on the call list for the Billerica terminal subsequent to A.P.A.'s closure;

2. Local 25 breached its duty of fair representation toward Mr. Goulet; and

3. Local 25's conduct toward Mr. Goulet was arbitrary or in bad faith.

Local 25 is not liable for merely negligent conduct.

Local 25's conduct was arbitrary "only if, in light of the factual and legal landscape at the time of its actions, Local 25's behavior was so far outside a 'wide range of reasonableness' as to be 'irrational.'"

To establish that Local 25 acted in "bad faith," Mr. Goulet must provide "substantial evidence of fraud, deceitful action, or dishonest conduct," or evidence that the union was motivated by personal animus toward Mr. Goulet.

Only if you find that each of the elements on which Mr. Goulet has the burden of proof have been proved, can you find in favor of Mr. Goulet.  If, on the other hand, Mr. Goulet has failed to prove any of these elements, your verdict must be for the Defendants.

Modern Federal Jury Instructions-Civil, V Pattern Jury Instructions for the 5th, 8th, 9th & 11th Circuits - Manual Model Jury Instructions (Civil Cases), 16 Labor §P 16.1 (Matthew Bender & Co., Inc. 2005).  For definitions of "arbitrary" and "bad faith," *see* Comment to P.16.1 and cases cited therein.

Given _____

Given as modified _____

Denied _____

11

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## LMRA §301-Hybrid Claims-Damages

If you find for Mr. Goulet on his §301 claim, you must determine Mr. Goulet's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.

After you have determined the amount of damages, you must apportion them between the New Penn (the employer) and Local 25 (the union). New Penn is responsible only for damages that are caused by its breach of the collective bargaining agreement. Local 25 is responsible only for any increase in damages that is caused by its breach of the duty of fair representation.

Damages attributable *solely* to New Penn's breach of contract (if any) should not be charged to Local 25. However, *increases* (if any) in those damages caused by Local 25's breach of the duty of fair representation, should not be charged to New Penn. Instead, New Penn is only liable for the damages that Mr. Goulet suffered up to the date that Local 25 breached its duty of fair representation. Local 25 is responsible for all of Mr. Goulet's damages thereafter.

Modern Federal Jury Instructions-Civil, V Pattern Jury Instructions for the 5th, 8th, 9th & 11th Circuits - Manual Model Jury Instructions (Civil Cases), 16 Labor §§P 16.2 and Comment (Matthew Bender & Co., Inc. 2005).

Given _____
Given as modified _____
Denied _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

**Mitigation of Damages**

Mr. Goulet must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking subsequent employment. This is called mitigation of damages.

If you determine that the Mr. Goulet is entitled to damages, you must reduce these damages by: (1) what Mr. Goulet earned, and (2) what Mr. Goulet could have earned by reasonable effort during the period from his discharge until the date of trial.

You must decide whether Mr. Goulet was reasonable in not seeking or accepting a particular job. However, Mr. Goulet must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

(1) The type of work;
(2) The hours worked;
(3) The compensation;
(4) The job security;
(5) The working conditions; and
(6) Other conditions of employment.

The Defendants must prove that the Plaintiff failed to mitigate his damages for loss of compensation.

If you determine that Mr. Goulet did not make reasonable efforts to obtain or retain another similar job, you must decide whether any damages resulted from his failure to do so. You must not compensate Mr. Goulet for any portion of his damages that resulted from his failure to make reasonable efforts to reduce his damages.

American Bar Assoc., Model Jury Instruction, Employment Litigation §§ 1.07[5].

Given _____

Given as modified _____

Denied _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Effect of Instructions as to Damages

The fact that I have instructed you on damages should not be considered as suggesting my view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, only in the event you should find in favor of Plaintiff on his claim, by a preponderance of the evidence and in accordance with my other instructions.

I will give you written questions, called "special interrogatories," which will assist you in computing the amount of relief, if any, to award. The Court cautions you not to assume that, because space has been provided for an amount of damages, you must award any particular type of damages.

3 Devitt et al., Federal Jury Practice and Instructions § 74.02 (4th ed. 1987).

Given _____

Given as modified _____

Denied _____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

### **Verdict – Unanimous – Duty To Deliberate**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

3 Devitt et al., Federal Jury Practice and Instructions § 74.01 (4th ed. 1987).
Given _____
Given as modified _____
Denied _____

15

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
### Election of Foreperson – Special Interrogatories

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in Court. A form of special interrogatories has been prepared for your convenience. You will take this form to the jury room.

[*Form of special interrogatory read.*]

You will note that each of the interrogatories or questions calls for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it may not be necessary to consider or answer a subsequent question if your answer to a previous question is "no." Specific directions are provided at the end of each separate interrogatory.

3 Devitt et al., Federal Jury Practice and Instructions § 74.05 (4th ed. 1987).

Given _____

Given as modified _____

Denied _____

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of New Penn's Proposed Jury Instructions was served upon Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing, this 16th day of June, 2006.

/s/ Carl H. Gluek
Attorney for Defendants