IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CRAIG GOULET** ) | **CASE NO. 04-12577 WGY** |
| ) | |
| **Plaintiff,** ) | **JUDGE WILLIAM G. YOUNG** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| **NEW PENN MOTOR EXPRESS,** ) | **NEW PENN MOTOR EXPRESS, INC.'S** |
| **INC., et al.** ) | **MOTION IN LIMINE REGARDING** |
| ) | **TESTIMONY OF PLAINTIFF** |
| **Defendants.** ) | |

## INTRODUCTION

Plaintiff has brought a hybrid § 301 action against the Defendants. In Plaintiff's Trial Brief, Plaintiff asserts that in 2002 or 2003, he spoke with William Carnes, the then business agent of Defendant Local 25, and Mr. Carnes told him that Defendant, New Penn Motor Express, Inc. ("New Penn") "first told Carnes that Goulet's name was not on the seniority list. Carnes said that indeed Goulet's name was on the seniority list. Carnes even showed New Penn the APA seniority list with Goulet's name on it. New Penn then admitted that Goulet was on the seniority list, but then claimed that Goulet was collecting worker's compensation." (Plaintiff's Trial Brief at p. 8).

This anticipated testimony is hearsay per Federal Rule of Evidence 801, and is not subject to any hearsay exception that would permit it to be properly introduced into evidence. Accordingly, any testimony or evidence by Goulet as to what Carnes said regarding what New Penn stated or represented should be excluded as nonadmissible hearsay.

## DISCUSSION

Fed. R. Evid. 801(c) defines hearsay generally as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove

the truth of the matter asserted." Hearsay within hearsay is inadmissible unless each link in the chain is admissible per an exception to the hearsay rule. *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34. (1st Cir. 1998).

In essence, Plaintiff seeks to introduce the statements of declarant Carnes – an out-of-court statement constituting hearsay. Further, the anticipated testimony of Plaintiff is hearsay within hearsay – it is the statement of an out-of-court declarant (Carnes) relaying another out-of-court statement (allegedly of New Penn) and is offered for the truth of the matter allegedly described by New Penn. Such hearsay within hearsay is impermissible under the rules of evidence, and thus must be excluded.

Moreover, Plaintiff cannot rely on the exception to hearsay set forth in Fed. R. Evid. 801(d)(2). Indeed, Fed. R. Evid. 801(d)(2) provides that a statement is "not hearsay" if:

> The statement is offered against a party and is (A) ***the party's own statement*** in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

(emphasis added); *see, e.g., Finn v. Consolidated Rail Corp.*, 782 F.2d 13 (1986) (holding statement of union representative regarding another party's statements plainly hearsay because union representative professed no knowledge of content of statements).

The anticipated testimony regarding what Carnes allegedly told Plaintiff that New Penn allegedly stated simply may not be offered as evidence against New Penn because it is not the *party's own statement* as contemplated by the R. 801(d)(2)(A). Plaintiff seeks to introduce the statement of Carnes, who is not affiliated with New Penn. New Penn and

4

the Teamsters are separate parties in this matter. Carnes is in no way affiliated with New Penn, and thus any statements he may have made cannot be considered the statement of New Penn. Furthermore, Carnes is not a person authorized by New Penn to make a statement concerning the subject, nor is he an agent or servant of New Penn. Any statements of Carnes, therefore, simply do not fall within the exception to hearsay found in Fed. R. Evid. 801(d)(2) and should thus be excluded.

Even if the statement of Carnes could somehow be considered a statement of the party opponent against whom it is offered (here, New Penn), which it cannot, it still is not admissible against New Penn because "unattributed statements repeated by party-opponents cannot be admissible. As the original declarant is unknown, it is impossible to determine whether the original declarant also fits within the party-opponent definition, and thus the exclusion …[is] proper." *Vazquez,* 134 F.3d at 33-34, citing *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1001-02 (3rd Cir. 1988) (excluding such unattributed hearsay when repeated by party-opponent); *Cedeck v. Hamiltonian Fed. Sav. & Loan Ass'n,* 551 F.2d 1136, 1138 (8th Cir. 1977) ("That part of [the party-opponent's] statement which contains a reiteration of what someone told him is not admissible as an admission by [a] party-opponent since the author of the statement is unknown.")

Again, it is anticipated that Plaintiff will testify that Carnes told him about the statements of New Penn. It is unknown what, if any, statements were made by any agent or representative of New Penn. A bald allegation that "New Penn" spoke to Carnes regarding Plaintiff does not provide identification of a declarant. Thus, the alleged declarant, whose statements Plaintiff contends that Carnes described, is unknown, making exclusion of such testimony by Plaintiff absolutely necessary. Accordingly,

5

Plaintiff cannot overcome the hearsay problems with any link in his hearsay-within-hearsay chain, and thus his anticipated testimony should be excluded.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion in Limine to Exclude Testimony of Plaintiff should be granted.

        Respectfully submitted,

         /s/ Carl H. Gluek
        T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
        Carl H. Gluek  (Ohio Bar # 0029531)
        *cgluek@frantzward.com*
        FRANTZ WARD LLP
        2500 Key Center
        127 Public Square
        Cleveland, OH  44114
        (216) 515-1660
        (216) 515-1650 (facsimilie)

          and

        Sharon Lahey
        slahey@klhboston.com
        KELLY, LIBBY & HOOPES, P.C.
        175 Federal Street
        Boston, Massachusettes 02110
        (617) 338-9300
        (617) 338-9911 (facsimile)


        *Attorneys for Defendant*
        *New Penn Motor Express, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of New Penn's Motion in Limine Regarding Testimony of Plaintiff was served upon Scott A. Lathrop, Esq., of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing and ordinary U.S. mail, postage prepaid, this 16th day of June, 2006.

    /s/ Carl H. Gluek
Attorney for Defendant