UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW PENN MOTOR EXPRESS )<br>Defendant )<br>)<br>and )<br>)<br>TEAMSTERS LOCAL 25 )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS )<br>)<br>Defendant, )<br>) | CIVIL ACTION<br>NO. 04-12577-WGY |

## MEMORANDUM IN SUPPORT OF DEFENDANT LOCAL 25'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

This matter comes before the Court on the Plaintiff's Motion In Limine to Prohibit Local 25 from calling Burton Trebour as a witness or from making any reference to Mr. Trebour during the trial.. The Defendant, Teamsters Local 25 (hereinafter, "Local 25" or "the Union"), opposes the Plaintiff's Motion for the following reasons: (1) at the time that it filed its Initial Disclosures pursuant to Fed.R.Civ.P. 26 (a)(1), Defendant, Teamsters Local 25 was not aware that Burton Trebour had discoverable information that it may use to support its claims or defenses; (2) the Local 25 has since supplemented its initial disclosures to the Plaintiff; (3) Local 25 only became aware that Mr. Trebour might have discoverable information after the expiration of discovery; and (4) Local 25's failure to disclose the identity of Mr. Trebour in a more timely fashion in harmless as the Plaintiff has been aware of Mr. Trebour and the subject matter and detail of such matter about which he has information for nearly four (4) months.

## I.     Facts

An issue in dispute in this case is whether the Plaintiff was properly on the seniority list at the APA Transport facility in Canton, Massachusetts at the time that APA ceased operations in February 2002. The Plaintiff had been terminated for gross negligence in March 1987 as a result of an incident in which the forklift upon which he was riding fell from the loading dock. The Plaintiff's union, Teamsters Local 25 grieved the Plaintiff's termination. However, from 1987 to 2001, the Plaintiff received workers compensation, and his grievance could not be heard until he no longer was receiving workers compensation. In 2001, the Plaintiff's worker's compensation benefits were exhausted, and his termination grievance was heard by the Southern New England Joint Area Committee on October 16, 2001. Burton Trebour represented APA at this hearing.

The Southern New England Joint Area Committee held as follows:

> The Panel after hearing the case, motion made, seconded and carried that **upon submitting acceptable documentation to the Company of his ability to return to unrestricted duties, the grievant shall serve a ten (10) day suspension. Upon completion of the suspension**, he shall be reinstated to the list in his original position. (emphasis added).

The Plaintiff contends that such language instantaneously re-inserted him back into the seniority list. On the other hand, Teamsters Local 25 believed that the Plaintiff was required to produce medical documentation and serve a ten (10) day suspension prior to reinstatement onto the seniority list, and that the award was unambiguous and clear in this regard.

At the deposition of Mark Harrington, counsel for the Plaintiff attempted to argue with the deponent that APA had waived the requirements necessary to be reinstated to the seniority list. Mr. Harrington believed that it was unlikely that APA would waive these requirements, but could not say for certain that it did not do so. Upon reviewing the deposition transcripts in preparation of its motion for summary judgment, Local 25 thought it prudent to contact someone

2

at APA Transport in anticipation that the Plaintiff would argue that it was possible that APA Transport had waived the requirements that the Plaintiff submit medical documentation concerning his ability to return to work and then serve a ten (10) day suspension.

## II.    Argument

**THE COURT SHOULD NOT GRANT THE PLAINTIFF'S MOTION TO STRIKE BURTON TREBOUR AS WITNESS FOR LOCAL 25 OR ANY MENTION OF MR. TREBOUR AS THE DEFENDANT'S FAILURE TO NAME MR. TREBOUR AS A POTENTIAL INDIVIDUAL WITH DISCOVERABLE INFORMATION RELATING TO ITS DEFENSES IS JUSTIFIED AND HARMLESS TO THE PLAINTIFF AT TRIAL**

Although the Court may strike a witness for a party's failure to name the witness during discovery, such a sanction need not be imposed when the failure to disclose was justified and harmless to the opposing party. See Continental Laboratory Products, Inc. v. Medax International, Inc., 195 F.R.D. 675 (S.D. Cal. 2000). In the present matter, Local 25's failure to originally name Burton Trebour in its automatic disclosures was substantially justified as Local 25 did not believe that Mr. Trebour had any information relating to the Plaintiff's claim, to wit: the Union's failure to properly process his grievance with New Penn Motor Express.

### A.    Local 25's Failure To Identify Mr. Trebour During Discovery Was Justified As It Was Not Aware That Mr. Trebour May Have Discoverable Information Until After Discovery Was Completed

Local 25' failure to provide Mr. Trebour's name in its Initial Disclosures as a person that might have discoverable information relating to its claims or defenses in this matter was not due to any attempt to prejudice the Plaintiff. Rather, the Defendant only became aware that Mr. Trebour might have discoverable information related to its defenses after the close of discovery.

During discovery, the Plaintiff sought to induce Mark Harrington, during his deposition, to say that it was possible that A.P.A. Transport waived the requirements for the Plaintiff to be reinstated onto the APA seniority list for its Canton, Massachusetts terminal. In it attempt to

3

resolve this matter, Local 25 determined it might be necessary to locate a former corporate APA employee that might have some knowledge relating to this issue. As such, Teamsters Local 25 contacted Mr. Trebour, who participated in the October 2001 arbitration of Mr. Goulet on behalf of APA, to determine if he possessed any information concerning whether APA waived its requirements for reinstating the Plaintiff to the seniority list. As a result of a discussion with Mr. Trebour, an affidavit was drafted and approved by Mr. Trebour in January 2006, immediately prior to the filing of Local 25's Motion for Summary Judgment. In addition, Local 25 supplemented its Initial Disclosures and answers to Interrogatories to reflect that Mr. Trebour might have discoverable information. A true copy of Local 25's Supplement to its Initial Disclosures is attached hereto as Exhibit 1.

> B. **The Plaintiff Was Not Unfairly Prejudiced By Any Alleged Failure of Local 25 To Supplement Its Initial Disclosures**

The Plaintiff was not prejudiced by the Defendant's failure to "disclose" Mr. Trebour as a possible person that might have discoverable information, prior to filing its Motion for Summary Judgment, which included Mr. Trebour's affidavit. The Plaintiff has had a copy of Mr. Trebour's affidavit since the time that Local 25 filed its motion for summary judgment. For nearly four (4) months, the Plaintiff has known the substance of Mr. Trebour's discoverable information and testimony, to wit: that APA never waived the pre-requisites for the Plaintiff's return to the seniority list. As such, the Plaintiff would not be unfairly prejudiced by Mr. Trebour being permitted to testify at trial.

> C. **Judge Tauro's Order To Strike The Affidavit Of Mr. Trebour Does Not Preclude    The Testimony By Mr. Trebour At Trial**

The Plaintiff argues that because Judge Tauro's granted the Plaintiff's motion to strike the affidavit of Mr. Trebour for Local 25's memorandum in support of its motion for summary judgment, that the Court should likewise prohibit Mr. Trebour from testifying at trial as a witness

4

and prohibit Local 25 from mentioning Mr. Trebour during trial. However, Judge Tauro's order does not state the rationale by which the Plaintiff's motion to strike was granted. It is possible that the affidavit was struck because the Plaintiff had no real notice of Mr. Trebour prior to Local 25's submission of its memorandum in support of its motion for summary judgment. Since that time, Local 25 has supplemented its initial disclosures to the Plaintiff so as to include Mr. Trebour. In addition, the Plaintiff would not be prejudiced by the presence and inclusion of Mr. Trebour at trial, as he may have been when the motions for summary judgment were filed as the Plaintiff has known about Mr. Trebour, and the content of his discoverable information, for nearly four (4) months. As such, Local 25's failure to identify Mr. Trebour as a person that might have discoverable information prior to filing its motion for summary judgment is harmless. Therefore, the Court should allow Mr. Trebour to testify at trial.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion in Limine to Prohibit Mr. Trebour from testifying or Local 25 from making any reference to Mr. Trebour during trial.

For the Defendant,
**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 25,**
By its attorneys,

_____
Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (b.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date:   June 19, 2006

5

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this motion on June 19, 2006, with delivery to :

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH  44113-1999

/s/ Kathleen A. Pennini
Kathleen A. Pennini

F:\L25\Goulet\pldg\mem.opp.mot.limine.strike.trebour.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW PENN MOTOR EXPRESS )<br>Defendant )<br>)<br>and )<br>)<br>TEAMSTERS LOCAL 25 )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS )<br>)<br>Defendant, )<br>) | CIVIL ACTION<br>NO. 04-12577-JLT |

### SUPPLEMENT TO THE INITIAL DISCLOSURES OF DEFENDANT, TEAMSTERS LOCAL 25

Now comes the Defendant, through undersigned counsel, to make the following additional disclosures, pursuant to Rule 26(a)(1) and Rule 26(e) of the Federal Rules of Civil Procedure.

A. The Defendant reasonably believes that the following individuals are likely to have discoverable information relative to the facts alleged in this case.

1. Burton Trebour, Vice President of Labor and Administration for APA Transport, APA Transport Corp., 2100 88 Street, North Bergen, New Jersey, 07047

For the Defendant,
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL UNION NO. 25,
By its attorneys,

*/s/ Kathleen A. Pennini*
Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date: February 15, 2006

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this motion on February 15, 2006, with delivery to :

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH 44113-1999

_Kathleen A. Pennini_
Kathleen A. Pennini

f:\l25\goulet\pldg\mem.opp.mot.strike.aff.burton.trebour.doc:blg