UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12577 WGY

*******************************************
CRAIG GOULET,                               *
   Plaintiff                              *
                                            *
   v.                                      *
                                            *
NEW PENN MOTOR EXPRESS, INC., and           *
TEAMSTERS LOCAL 25,                         *
INTERNATIONAL BROTHERHOOD OF                *
TEAMSTERS,                                  *
   Defendants                             *
*******************************************

**PLAINTIFF'S REQUEST
FOR JURY INSTRUCTIONS**

The plaintiff Craig Goulet requests that the Court give the following instructions to the jury.

1

Requested Instruction No. 1

(Duty of Fair Representation)

Plaintiff Craig Goulet has alleged that defendant Teamsters Local 25 violated its duty of fair representation in the way that it handled Goulet's attempt to get on defendant New Penn Motor Express's call list and in the way that it handled Goulet's grievance against defendants New Penn Motor Express.

Under Federal labor law, a union has a statutory duty to fairly represent all it members, both in its collective bargaining with the employer and in its enforcement of the resulting collective bargaining agreement. Federal labor law a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory manner. A union's duty of fair representation to its members is a broad one; it has a duty to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. Thus a union may not, for example, arbitrarily ignore a meritorious grievance or process it in perfunctory fashion.

A labor organization will be liable for violation of its duty of fair representation if it significantly harms its members through actions that are arbitrary, reckless, or in bad faith. "Reckless disregard" of an employee's interests is actionable breach of duty of fair representation.

Union members are entitled to a bargaining agent in possession of all relevant facts and arguments; and to real, as opposed to perfunctory, efforts to protect their welfare.

A union violates its duty of fair representation, for example, if took virtually no action with respect to a grievance of a plaintiff.

A union violates is duty of fair representation, for example, if its fails to investigate and process a plaintiff's grievance

Also, a plaintiff can establish a breach of the duty of fair representation if it is shown that the handling of his grievances was materially deficient

Furthermore, the duty of fair representation mandates that a union conduct at least a minimal investigation into an employee's grievance.

Authority

Vaca v. Sipes, 386 U.S. 171, 177, 191 (1967); Emmanual v. International Brotherhood of Teamsters, Local Union No. 25, 426 F.3d 416, 420 (1st Cir. 2005); Achilli v. John J. Nissen Baking Co., 989 F.2d 561, 563 (1st Cir. 1993); Linnae v. GE, 948 F.2d 69, 74 (1st Cir. 1991); Velez v. Puerto Rico Marine Management, Inc., 957 F.2d 933, 940 (1st Cir. 1992); Berrigan v. Greyhound Lines, Inc., 782 F.2d 295, 298 (1st Cir. 1986); Early v. Eastern Transfer, 699 F.2d 552, 556 (1st Cir. 1983); Soto Segarra v. Sea-Land Service, Inc., 581 F.2d 291 (1st Cir. 1978); De Arroyo v. Sindicato De Trabajadores Packinghouse, AFL-CIO, 425 F.2d 281 (1st Cir. 1970), cert. denied, 400 U.S. 877 (1970)

Requested Instruction No. 2

(Breach of Labor Contract)

Plaintiff Craig Goulet has also alleged that defendant New Penn Motor Express violated its contract with the Teamsters agreement with New Penn Motor Express regarding calling former employees of APA Transport violated the labor contract. Under Federal labor law an employee who works alleges a breach of a labor contract may also bring an action directly against the employer if the employee can prove that his union as the bargaining agent breached its duty of fair representation in the handling of the employee's grievance.

Authority

Vaca v. Sipes, 386 U.S. 171, 186 (1967).

Requested Instruction No. 3

(Damages)

The governing principle in such cases as this is that damages should be apportioned between the employer and the union according to the damage caused by the fault of each. Damages attributed to the employer's breach of the labor contract should be charged solely to the employer. However, any increased damages caused by the union's action should be charged solely to the union.

Authority

Vaca v. Sipes, 386 U.S. 171, 197 (1967).

        Craig Goulet

        By his attorney

        */s/ Scott A. Lathrop*
        _____
        Scott A. Lathrop, Esq.
        Scott A. Lathrop & Associates
        122 Old Ayer Road
        Groton, MA 01450
        (978) 448-8234
        BBO No. 287820

Dated: June 19, 2006