# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NEW PENN MOTOR EXPRESS ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| TEAMSTERS LOCAL 25 ) | CIVIL ACTION |
| INTERNATIONAL BROTHERHOOD OF ) | NO. 04-12577-WGY |
| TEAMSTERS ) | |
| Defendant, ) | |

## AFFIDAVIT OF BURTON TREBOUR

Now comes Burton Trebour, being duly sworn, deposes and states the following:

1. In 2001-2002, I was the Vice President of Labor and Administration for A.P.A. Transport, Corp.

2. I am familiar with the grievance filed by Teamsters Local 25 on behalf of Craig Goulet in March 1987, and was heard by the Southern New England Joint Area Committee on October 16, 2001.

3. As the Vice President of Labor and Administration for A.P.A. in October 2001, I represented A.P.A. at the Southern New England Joint Area Committee hearing, and argued that Mr. Goulet's termination should not be reversed.

4. On October 16, 2001, the Southern New England Joint Area Committee made the following ruling concerning the grievance of Mr. Goulet:

5. A.P.A interpreted that decision to mean that it was not required to return Mr. Goulet to the active work roster until and unless he produced documentation concerning his medical clearance to return to unrestricted duties with A.P.A.

6. The corporate office returned Mr. Goulet's name to the corporate seniority list because it anticipated that Mr. Goulet would be returning to work, shortly following the decision of the Southern New England Joint Area Committee in October 2001.

7. The corporate office updated the corporate seniority list in November 2001 following the decision of the Southern New England Joint Area Committee's decision concerning the grievance of Mr. Goulet.

8. A.P.A.'s inclusion of Mr. Goulet's name on the November 2001 corporate seniority list was not due to any decision by A.P.A. to waive the requirements set forth by the Southern New England Joint Area Committee concerning Mr. Goulet's re-employment.

9. A.P.A. never waived the requirements that Mr. Goulet provide medical documentation of his ability to return to unrestricted duties and serve a ten (10) days suspension prior to being returned to the seniority list for the Canton, Massachusetts terminal. It merely placed his name on that list in anticipation of him providing the information necessary to his returning to work and serving the suspension.

10. Mr. Goulet never presented any documentation to A.P.A. concerning his ability to return to unrestricted duties.

11. Mr. Goulet never served a ten (10) day suspension.

Signed under the pains and penalties of perjury this 20TH day of June 2006

_____
Burton Trebour

F:\L25\Goulet\misc\aff.trebour.trial.doc

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW PENN MOTOR EXPRESS )<br>Defendant )<br>)<br>and )<br>)<br>TEAMSTERS LOCAL 25 )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS )<br>)<br>Defendant, ) | CIVIL ACTION<br>NO. 04-12577-WGY |

## AFFIDAVIT OF BURTON TREBOUR

Now comes Burton Trebour, being duly sworn, deposes and states the following:

1. I was formerly a Vice President of Labor Relations for A.P.A. Transport, Corp.

2. On or about June 13, 2006, I was informed that the above-captioned trial might go forth on Monday, June 19, 2006.

3. I informed Kathleen A. Pennini, counsel for Teamsters Local 25, that I would not be available on the following days during the week of June 19, 2006, due to previously scheduled meetings and negotiations for which I am serving as the mediator, on June 19, 2006 and June 20, 2006.

4. I informed Ms. Pennini that I would be unavailable on June 21, 2006 due to a trustees meeting.

5. Subsequently, I was informed that trial was scheduled for the following dates: June 19, 2006, June 20, 200, June 21, 2006, June 29, 2006, and June 30, 2006.

6. I also serve as a trustee for the International Association of Machinists National Pension Fund.

7. A trustees' meeting for the International Association of Machinists National Pension Fund has been scheduled to take place in Seattle, Washington from June 27, 2006 through June 29, 2006. I will not be returning until the afternoon of June 30, 2006, and thus will not be available to attend the trial on the scheduled dates.

8. I must attend these trustees meetings in order to fulfill my duties as a trustee.

9. My travels plans were made for this trustees meeting well in advance of the date on which I became informed of the trial in the above-referenced matter.

Signed under the pains and penalties of perjury this 20th day of June 2006.

_____
Burton Trebour

F:\L25\Goulet\misc\aff.trebour unavailability.doc