UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET )<br><br>  Plaintiff, )<br><br>v. )<br><br>NEW PENN MOTOR EXPRESS )<br>  Defendant )<br><br>and )<br><br>TEAMSTERS LOCAL 25 )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS )<br><br>  Defendant, ) | CIVIL ACTION<br>NO. 04-12577-WGY |

**PROPOSED JURY INSTRUCTIONS OF TEAMSTERS LOCAL 25**

Defendant, Teamsters Local 25, International Brotherhood of Teamsters (hereinafter, "Local 25" or "the Union") hereby requests the Court to give the attached proposed jury instructions.

For the Defendant,
**INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL UNION NO.
25,**
By its attorneys,

Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date:   June 20, 2006

1

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this motion on June __, with electronic delivery and hand delivery to:

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH  44113-1999


_____
Kathleen A. Pennini

F:\L25\Goulet\pldg\proposed.jury.instructions.heading.doc

## TABLE OF CONTENTS

| Instruction No. | Title | Page No. |
|---|---|---|
| 1 | Function of the Court and Jury | 4 |
| 2 | Equality Before The Law | 5 |
| 3 | Evidence in the Case | 6 |
| 4 | Questions Are Not Evidence | 7 |
| 5 | Preponderance of the Evidence | 8 |
| 6 | Credibility of Witnesses | 9 |
| 7 | § 301/Duty of Fair Representation – Hybrid Action | 11 |
| 8 | Duty of Fair Representation | 12 |
| 9 | Duty of Fair Representation – Causation | 14 |
| 10 | Section 301/Duty of Fair Representation Hybrid Claims – Damages | 15 |
| 11 | Mitigation of Damages | 16 |
| 12 | Effect of Instruction on Damages | 17 |
| 13 | Verdict | 18 |
| 14 | Special Interrogatories | 19 |

## DEFENDANT PROPOSED JURY INSTRUCTION NO. 1

### Function of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

You must perform your duties as jurors without bias or prejudice to any party.  You must not allow your decision to be influenced by sympathy, prejudice or extraneous factors such as public opinion.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be. During this trial, I (may) have asked questions to witnesses myself.  Do not assume that because I asked questions that I hold any opinion on the matters about which I asked questions or that I have any opinion concerning what the outcome of the case should be.

## **LOCAL 25'S PROPOSED JURY INSTRUCTION NO. 2**

### **Equality Before The Law**

All parties are entitled to equality before the law. In this case the Defendant, Local 25 is a labor organization and Defendant, New Penn Motor Express, Inc. is a corporation. Labor organizations and corporations are entitled to same fair consideration that you would give a private individual. All persons, including labor organizations and corporations are equal before the law and are to be treated as equals in a court of law.

You are not permitted to take into account the financial status of the parties in rendering your decision. Such consideration is not relevant in your role as a fact finder.

## LOCAL 25'S PROPOSED JURY INSTRUCTION NO. 3

### Evidence in the Case

The evidence consists of the testimony of witnesses, the exhibits admitted into evidence, and any stipulations made by the parties. In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Statements and arguments by counsel are not to be considered evidence in the case. When, however, attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events.  When the Court declares that it will take judicial notice of some fact or event, the jury must accept the Court's declaration as evidence and regard each fact or event judicially noticed by the Court as proven.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered as stricken by the Court, must be entirely disregarded.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

### **Questions are Not Evidence**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's assertions are not evidence.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Preponderance of the Evidence

The plaintiff has brought a civil action against the Defendants. Therefore, the burden is on the Plaintiff, Mr. Goulet, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Mr. Goulet's claim by a preponderance of the evidence, you must find for the Defendants.

However, as to certain affirmative defenses, which I will further explain later in these instructions, the burden of establishing these essential facts in on the Defendants.

To "establish by the preponderance of the evidence" means that when you have considered all of the evidence in this case, you are persuaded that something is more probably true than not true. To determine a fact by the preponderance of the evidence does not require proof of an absolute certainty as to the true of that fact.

In determining whether any fact or issue has been proved by the preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits, regardless of who may have produced them.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Jurors are the sole judges of the credibility of the witnesses and determine the weight that the testimony of each witness deserves. You may be guided by the appearance and conduct of the witness, the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, or state of mind as well as each witness's demeanor or manner while testifying. You should consider the witness's ability to observe the matters as to which he or she has testified and whether it appears to you that the witnesses has an accurate recollection of these matters. You should also consider the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The weight of the evidence in not determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses is more credible that a large of number of witnesses to the contrary.

Inconsistencies or discrepancies in the testimony of witnesses, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more person witnessing an event may see or hear it differently; In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and consider whether the discrepancy results for an innocent error by the witness or an intentional falsehood.

9

Give the testimony of each witness, as much or as little weight as you think it deserves.  You may accept or reject the testimony of any witness, in whole or in part.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 7

## LMRA § 301/DUTY OF FAIR REPRESENTATION – HYBRID ACTION

The Plaintiff has brought an action against the Defendants pursuant to Section 301 of the Labor Management Relations Act (LMRA). In order to succeed on his claim, Mr. Goulet must prove all of the following elements by a preponderance of the evidence:

1. New Penn breached a collective bargaining agreement with Local 25 by failing to call Mr. Goulet to work as its terminal in Billerica, Massachusetts;

2. New Penn's violation of the collective bargaining agreement, if any, caused harm to Mr. Goulet;

3. Local 25 breached its duty of fair representation toward Mr. Goulet by acting in an arbitrary, discriminatory or bad faith manner towards Mr. Goulet;

4. Local 25'breach of its duty of fair representation, if any, harmed Mr. Goulet.

In sum, in order to prevail on his claim, the Plaintiff must demonstrate both that New Penn's actions violated the collective bargaining agreement and that the union violated its duty of fair representation. Because these claims are inextricably linked, the failure to prove either claim results in a failure of the entire hybrid action. Terry v. Teamsters, 494 U.S. 558, 564 (1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570- 571 (1976); DelCostello v. Teamsters, 462 U.S. 151, 164-165 (1983); Demars v. General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985); Miller v. United States Postal Service, 985 F.2d 9, 11 (1st Cir. 1993).

11

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 8

### Duty of Fair Representation

The law requires an employer to honor its labor agreements and a union to fairly represent its members. The latter is what we refer to as a union's duty of fair representation. Those terms, i.e. 'fair' representation may be misleading so I am going to define them for you so that you may apply them to the facts of this case. I will start by telling you what they do <u>not</u> mean.

The terms "fair representation" when used in relation to a union and its members do not embrace whatever an individual member may subjectively believe is 'fair.' Unions are accorded significant latitude in performing their function as the exclusive collective bargaining agent. <u>Miller v. United States Postal Service</u>, 985 F.2d 9, 12 (1st Cir. 1993). Simple negligence or erroneous judgment on the part of a union is not sufficient to demonstrate a breach of that union's duty of fair representation. <u>Id.</u>; <u>Best v. Rome</u>, 858 F.Supp. 271, 264 (D.Mass. 1994).

A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining agreement is arbitrary, discriminatory, or in bad faith. <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967). A union's action is arbitrary, "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' so as to be irrational." <u>Miller</u> *supra*, quoting <u>Air Line Pilots Ass'n v. O'Neill</u>, 489 U.S. 65, 67 (1981).

To prove that the union acted in 'bad faith' a plaintiff must produce evidence of fraud, deceit or dishonest action. <u>Humphrey v. Moore</u>, 325 U.S. 335, 348 (1964).

12

A union is permitted, in administering its collective bargaining agreement, to conduct its own good faith evaluation of the merits of a particular grievance without being second-guessed as to whether and in what manner to purse a particular grievance. Humphrey v. Moore, 375 U.S. 335, 349-350 (1964); Emmanuel v. International Brotherhood of Teamsters, Local 25, 419 F.3d 416 (1st Cir. 2005).

A union may not simply ignore an otherwise meritorious grievance or process it in regard disregard for its members' rights, but a union's representation of its members is not expected to be without errors. See Hines v. Anchor Motor Freight Co., 424 U.S. 554, 571 (1976). However, a union's failure to timely pursue a grievance is not arbitrary if the union has acted in good faith reliance on the parties' past practice of not adhering to contractual deadlines. Giordano v. Local 804, International Brotherhood of Teamsters, 634 F. Supp. 953, 956 (S.D.N.Y. 1986).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### Duty of Fair Representation - causation

If you determine that New Penn violated its collective bargaining agreement and caused harm to the Plaintiff, you may then decide if Local 25 violated its duty of fair representation. If you find that New Penn did not violate its collective bargaining agreement, you should render a verdict in favor of both New Penn and Local 25. 0 If you decide that New Penn violated the collective bargaining agreement and that Local 25 violated its duty to fairly represent the Plaintiff, you must determine whether Local 25's conduct caused harm or increased the harm, if any, to Mr. Goulet. If you find, for example, that New Penn violated the agreement, but that Mr. Goulet did not present his grievance to Local 25 in a timely fashion, you may (but are not required to) find that Local 25's processing of the grievance would not have changed the result at arbitration. You may render a verdict against Local 25 if, and only if, you determine that New Penn violated the agreement, Local 25 violated its duty of fair representation and if Local 25's conduct had an adverse affect on the outcome of the arbitration.

14

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 10**

**LMRA Section 301- Duty of Fair Representation Hybrid Claims – Damages**

If you find unanimously for the Plaintiff on all the elements of his Section 301/duty of fair representation claim, you must then determine what, if any, are the Plaintiff's damages. The Plaintiff has the burden of proof of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury that you find was legally caused by the Defendants.

You should apportion any damages between the New Penn and Local 25 according to the damages you find have been caused by the fault of each. New Penn is responsible for damages caused solely by its breach of the contract. Local 25 is responsible only for any <u>increase</u> in Mr. Goulet's damages resulting from its violation of the duty of fair representation.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Mitigation of Damages

Mr. Goulet has the duty of making every reasonable effort, under the circumstances, to minimize his damages by seeking comparable employment subsequent to the acts of the Defendants.  If the Defendants have proven Mr. Goulet did not mitigate his damages, he is not entitled to an award of damages.

If you determine that Mr. Goulet is entitled to damages, you must reduce his damages by (1) what Mr. Goulet earned; and (2) what Mr. Goulet could have earned by reasonable effort during thee period from his discharge until the date of trial.

You must decide whether Mr. Goulet was reasonable in not seeking or accepting a particular job. However, Mr. Goulet must accept employment that is "of a like nature." In determining whether employment is of a like nature, you may consider the following factors:

       (a)     The type of work;
       (b)     The hours worked;
       (c)     The compensation;
       (d)     The job security;
       (e)     The working conditions; and
       (f)     Other conditions of employment

If you find that the Defendants have proved that Mr. Goulet failed to seek out or take advantage of any employment  business opportunity that was reasonably available to him, then you should reduce the amount of Mr. Goulet's damages by the amount that he could have reasonably earned if he had taken advantage of such opportunity.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### Effect of Instruction on Damages

The fact that I have instructed you on damages should not be considered as suggesting my view as to which party is entitled to verdict in this case.  Instructions as to the measures of damages are given for your guidance in the event you should find in favor of the Plaintiff on his claim, by a preponderance of the evidence and in accordance with my other instructions.

I will give you written questions, called "special interrogatories," which will assist you in computing the amount of relief, if any, to award.  The Court cautions you not to assume that, because space has been provided for an amount of damages, you must award any particular damages.

17

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 13

### Verdict

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult one another, express your own views, and listen to the opinion of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe that it is wrong. But you should not surrender your honest belief about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching a verdict that is consistent with the individual judgment of each verdict. You are impartial judges of the facts.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### Special Interrogatories

A form of special interrogatories has been prepared for your convenience. You will take this form to the jury room.

You will note that each of the interrogatories or questions calls for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each questions. As you will note from the wording of the questions, it may not be necessary to consider or answer a subsequent questions if your answer to a previous question is "no." Specific directions are provided at the end of each separate interrogatory.

For the Defendant,
**INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL UNION NO.
25,**
By its attorneys,

Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (b.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date:   June 20, 2006

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this motion on June
21, with electronic delivery to:

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH  44113-1999

Kathleen A. Pennini