UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GOULET )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW PENN MOTOR EXPRESS )<br>Defendant )<br>)<br>and )<br>)<br>TEAMSTERS LOCAL 25 )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS )<br>)<br>Defendant, )<br>) | CIVIL ACTION<br>NO. 04-12577-WGY |

## MOTION OF DEFENDANT, TEAMSTERS LOCAL UNION NO. 25 TO AMEND ITS ANSWER TO CONFORM TO THE EVIDENCE

Defendant, Teamsters Local Union No. 25 moves, pursuant to Rule 15(a) F.R.Civ.P., for leave of this Court to amend its answer to conform to the evidence and to interpose the following affirmative defense:

The Plaintiff's action is time barred by the applicable statute of limitation.

The grounds for the motion are as follows:

1. Claims for a breach of a union's duty of fair representation in the context of § 301 hybrid actions are barred unless commenced within six (6) months of the date on which the Plaintiff's cause of action accrued. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 113 LRRM 2737, 2741 (1983); United Postal Service v. Mitchell, 451 U.S. 56, 66-67 (1981); Arriaga-Zoyas v. ILGWU

1

P.R. Council, 835 F.2d 11, 127 LRRM 2033 (1st Cir. 1987); Graham v. Bay State Gas Co., 779 F.2d 93, 121 LRRM 2105 (1st Cir. 1985).

2. The Plaintiff asserts in the context of the instant hybrid § 301 suit that New Penn Motor Express violated its collective bargaining agreement by failing to recall him to employment for work opportunities from March 1, 2002 through March 31, 2003, and further, that Defendant Teamsters Local Union No. 25 violated its duty of fair representation by mishandling his grievance over the employer's failure to call him for work opportunities.

3. In particular, Plaintiff has asserted that the Union failed to docket his grievance with the appropriate arbitration panel in a timely fashion, *viz.*, within thirty (30) days of the Union's receipt thereof shortly after April 7, 2003. As a result of the Union's failure to docket the grievance in thirty (30) days, Plaintiff asserts, the arbitration panel refused to hear his contractual claim against New Penn.

4. "A cause of action in a hybrid § 301/fair representation suit arises when the Plaintiff knows or reasonably should know, of the acts constituting the Union's alleged wrongdoing." Graham v. Bay State Gas Co., supra, 121 LRRM at 2106.

5. Plaintiff admitted on cross-examination at trial herein, for the first time, that he learned in May 2003 that his grievance had not been docketed by Local 25. This action was not commenced until December 9, 2004, well beyond the applicable six (6) months limitations period. Although deposed, Plaintiff did not reveal this information until cross-examined at trial on June 20, 2006.

Local 25 requests permission to amend its answer, therefore, so as to seek an instruction to the jury on its defense that Plaintiff failed to commence his suit within six (6) months

2

of the date on which he knew that the Union had not docketed his grievance with the arbitration panel.

Respectfully submitted,<br>
**TEAMSTERS LOCAL 25,**<br>
**INTERNATIONAL BROTHERHOOD**<br>
**OF TEAMSTERS**<br>
By its attorneys,

_____
Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date:   June 21, 2006

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed this document on June 21, 2006, with electronic and hand delivery tO:

Scott Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

Carl H. Gluek, Esq.
Frantz Ward, LLP
55 Public Square Building, 19th Floor
Cleveland, OH  44113-1999

_____
Kathleen A. Pennini

F:\L25\Goulet\pldg\mot.amend.answer.to.conform.to.evidence.doc

3