## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG GOULET, | ) | CASE NO. 04-12577 WGY |
| | ) | |
| Plaintiff, | ) | JUDGE WILLIAM G. YOUNG |
| | ) | |
| vs. | ) | **BRIEF OF DEFENDANT NEW** |
| | ) | **PENN MOTOR EXPRESS, INC. IN** |
| NEW PENN MOTOR EXPRESS, INC., | ) | **OPPOSITION TO PLAINTIFF'S** |
| et al., | ) | **MOTION FOR A NEW TRIAL** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

Pursuant to Rule 59 of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendant, New Penn Motor Express, Inc. ("New Penn"), submits the following Brief in Opposition to Plaintiff's Motion for A New Trial. As was demonstrated at trial, Plaintiff is unable, as a matter of law, to establish that New Penn breached any provision of the applicable collective bargaining agreement ("CBA") or that he has suffered any damages resulting from the alleged breach. Accordingly, this Court properly directed a verdict in New Penn's favor on Plaintiff's hybrid §301 claim. Plaintiff's motion for a new trial on that basis should therefore be denied.[1]

Moreover, Plaintiff is not entitled to a new trial on the separate ground that the Court's jury instruction was allegedly erroneous. First, Plaintiff admittedly failed to object to the Court's instruction at the time of trial. Second, Plaintiff is unable to establish any error – much less the required "plain error" – in connection with the Court's given

---

[1] In his Motion for A New Trial, Plaintiff also argues that the jury's verdict was against the manifest weight of the evidence. Because Plaintiff's arguments in that regard pertain only to Defendant Local 25, New Penn has not addressed them herein.

instruction. Accordingly, Plaintiff has waived his right to now object to the subject jury instruction.

## MEMORANDUM IN SUPPORT

### A.    Standard for New Trial

It is axiomatic that a new trial is an extraordinary remedy that should be used very sparingly. *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368 (1st Cir. 2004). Indeed, a district court should grant a new trial only if "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." *Id.*; *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir. 2003)("a district court may set aside a jury's verdict and order a new trial only if the verdict is against the demonstrable weight of the credible evidence or results in a blatant miscarriage of justice"). Thus, a party seeking a new trial "faces an uphill battle." *Acevedo-Garcia*, 351 F.3d at 565.

### B.    Plaintiff Is Not Entitled To A New Trial Because The District Court Properly Granted New Penn's Motion for A Directed Verdict

A directed verdict is properly granted where, as here, "there is a total lack of evidence in support of plaintiff's case" such that "the evidence allows a reasonable person to arrive at only one conclusion." *Censullo v. Brenka Video, Inc.*, 989 F.2d 40 (1st Cir. 1993). In reviewing a directed verdict, the First Circuit Court of Appeals "may not consider the credibility of the witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." *Silva v. Warden*, 130 F.3d 26 (1st Cir. 1997). Moreover, the non-moving party's evidence "must comprise more than fragmentary tendrils: a mere scintilla of evidence is not enough to forestall a directed verdict, especially on a claim or issue as to which the burden of proof belongs to the objecting party." *Id.* at 30.

2

In order to establish a claim against New Penn, Plaintiff bears the heavy burden of proving both that Defendant New Penn breached the applicable CBA *and* that Defendant Teamsters Local 25 ("Local 25" or the "Union") breached its duty of fair representation. Plaintiff's "failure to establish *either* the breach of the collective bargaining agreement *or* the breach of the duty of fair representation *dooms the cause of action in its entirety.*" *Ely v. Newell-Rubbermaid, Inc.*, 50 Fed. Appx. 681, 686 (6th Cir. 2002) (emphasis added); *Laurin v. The Providence Hosp.*, 150 F.3d 52, 57 (1st Cir. 1998) (plaintiff's failure to prove breach of the collective bargaining agreement by her employer was "fatal" to her hybrid §301 claim).

In his Motion for a New Trial, Plaintiff alleges that the Union breached its duty of fair representation when it failed to provide New Penn with a terminal call list with Plaintiff's name on it, and that New Penn breached the CBA when it failed to call the Plaintiff as a casual employee. (*See* Memorandum in Support of Motion for New Trial at pp. 1-2, 4, 7, 12). Plaintiff's theory of the case mandates that a directed verdict be entered in New Penn's favor under the CBA.

Under the CBA, the Union was required to provide New Penn with a terminal seniority call list by March 1, 2002, identifying all A.P.A. employees who wanted to be contacted by New Penn for work. Specifically, the CBA provided in pertinent part:

> No APA NMFA employee shall be required to place his/her name on any NPME terminal call list. **NPME shall have no obligation to any APA NMFA employee who chooses to not place his/her name on a NPME terminal call list by March 1, 2002. Additionally, NPME shall have no obligation to APA NMFA employees until TNFINC provides the APA NMFA terminal selection call lists in accordance with this Agreement.[2]**

\*       \*       \*

---

[2] *See* collective bargaining agreement at p.2, para. 8c (emphasis added)(Trial Exhibit 2).

Plaintiff cannot now allege that the Union breached its duty of fair representation by failing to give New Penn a terminal call list with Plaintiff's name on it and, at the same time, assert that New Penn breached the CBA by failing to call him when his name was not even on the terminal call list. (*See* Memorandum in Support of Motion for New Trial at pp. 1-2, 14).

In addition, even if Plaintiff's theory of the case were consistent, there is absolutely no evidence in the record that New Penn breached the CBA. It is undisputed that Plaintiff's name was not included on the call list that Local 25 twice provided to New Penn by the March 1, 2002 deadline. (*See* Trial Exhibits 3 and 14). Indeed, Plaintiff *concedes* that Local 25 failed to include Plaintiff's name and terminal preference on the call list that was submitted to New Penn. (*See* Memorandum in Support of Motion for New Trial at p. 5-6; Exhibit 14). Therefore, under the express terms of the CBA, New Penn was not obligated to – and did not – offer Plaintiff work subsequent to A.P.A's closing.

Plaintiff's reliance on New Penn's responses to Interrogatories Nos. 7 and 23 (Trial Exhibit No. 5) to argue otherwise and to suggest that New Penn had become aware, prior to the March 1, 2002 deadline, of Plaintiff's alleged desire to be called for work is likewise without merit. The A.P.A. Canton seniority list, which was referenced in those interrogatory responses, had been provided to New Penn by A.P.A. (not the Union) as part of the *due diligence process* and had merely identified the names of all A.P.A. employees. (Trial Exhibit No. 5). The list *did not* – as Plaintiff insinuates -- indicate whether each employee wanted to be called by New Penn for work after A.P.A.'s closure and/or the employee's individual terminal preference. Indeed, many A.P.A. employees

*did not* want to be called for work by New Penn after A.P.A.'s closure. Thus, it was Local 25's responsibility to identify the employees who wanted to be called for work, determine their terminal preferences and provide that information to New Penn in a timely fashion. It is wholly undisputed that New Penn did not receive any terminal call list from Local 25, which included Plaintiff's name or terminal preference on it, by the March 1, 2002 deadline.

Plaintiff's next attempts to argue, through uncited references to Mr. Carnes' testimony, that Local 25 had verbally notified New Penn of Plaintiff's alleged desire to be placed on the terminal call list is also devoid of merit. First, Plaintiff *admitted* at trial that his conversations with Mr. Carnes occurred after the March 1, 2002 deadline. Second, and assuming, *arguendo*, that Mr. Carnes did so verbally notify New Penn prior to the applicable deadline, the express and unambiguous terms of the CBA require that Local 25 provide New Penn with a *written* list of all employees interested in being called for work, along with their terminal preferences. The CBA neither contemplates nor validates verbal notification of an employee's interest and preference.

Finally, and again assuming for the sake of argument that New Penn had been timely provided with Plaintiff's name and terminal preference, New Penn would not have been required to call Plaintiff for work. Indeed, under the terms of the CBA, New Penn was authorized to pass over any employee for work where, as here, the particular employee would have been unable to perform all of the requisite job duties. The CBA specifically states, in pertinent part:

> Employees who are on a NPME terminal call list, will be offered work in accordance with their seniority position and qualifications. **NPME shall not be penalized for passing an employee for work opportunity if the employee**

**cannot perform all of the duties required of the job being filled** or until APA NMFA employees meet all government employment requirements.[3]

&ast;   &ast;   &ast;

In this case, the undisputed evidence establishes that Plaintiff would not have been able to perform the required job duties as a result of his claimed disabilities. (*See* Trial Exhibit No. 18). Indeed, in 2002, Plaintiff represented to the Social Security Administration that the he was disabled and that his condition had *worsened* since his initial injury in 1987. Specifically, Plaintiff stated:

> **My condition has not improved since I first became disabled. In fact my condition has become <u>worse</u> since I was first disabled in 1987.**

*Id.* (emphasis added).

In fact, Plaintiff claimed that he had not been able to perform even routine housekeeping duties for "many years." *Id.* Plaintiff further claimed that the pain was sometimes so serve that he was unable to "get out of bed." *Id.*

In light of the above, Plaintiff is unable as a matter of law to prove that New Penn breached any provision of the CBA. Indeed, the record evidence is such that "there is a total lack of evidence in support of plaintiff's case." *Censullo, supra*. This Court therefore properly directed a verdict in New Penn's favor.

Even assuming that the Court did somehow err in directing a verdict in favor of New Penn (which it did not), any such error would be harmless in light of the jury's determination that Local 25 did not breach its duty of fair representation. It is well-settled that, in order to prevail on his hybrid §301 claim, Plaintiff must prove ***both*** that the Union breached its duty of fair representation ***and*** that New Penn breached the

---

[3] Trial Exhibit No. 2, para. 8e (emphasis added).

6

collective bargaining agreement. Plaintiff's failure here to establish such a breach on the

part of Local 25 "***dooms the cause of action in its entirety.***" *Ely*, 50 Fed. Appx. at 686;

*Laurin*, 150 F.3d at 57. Accordingly, the jury's verdict in favor of Local 25 defeats

Plaintiff's claim against New Penn as a matter of law.

**C.    Plaintiff Is Not Entitled To A New Trial On The Basis Of The Subject
       Jury Charge**

Plaintiff's argument that this Court erroneously instructed the jury on the

elements of his hybrid §301 claim cannot withstand judicial scrutiny.[4]  Plaintiff admits

that he failed to object at trial to the Court's instruction, as he was required to do under

the mandates of Federal Civil Rule 51. Plaintiff's failure to properly preserve his

objection is fatal to his claimed entitlement to a new trial. *See, e.g., Diefenbach v.*

*Sheridan Transportation*, 299 F.3d 27 (1st Cir. 2000), *citing Scarfo v. Cabletron Sys.,*

*Inc.*, 54 F.3d 931 (1st Cir. 1995)("If a party fails to object to a jury instruction pursuant to

Rule 51, then it cannot be raised successfully on appeal").

Pursuant to Federal Civil Rule 51, "[a] party who objects to an instruction or the

failure to give an instruction ***must do so on the record, stating distinctly the matter***

***objected to and the grounds of the objection.***" *Rivera v. Autokirey, Inc.*, 379 F.3d 4 (1st

Cir. 2004) *citing* Fed. R. Civ. P. 51 (emphasis added). A party's failure to object to a jury

instruction in the manner prescribed by Federal Civil Rule 51 constitutes a "procedural

default." *Id.*

The First Circuit Court of Appeals has "consistently held that the strictures of

Rule 51 must be followed without deviation." *Id.*  Indeed, the First Circuit has

"rigorously enforced" the language of Rule 51 and will overlook its language "only in

---

[4] New Penn incorporates by reference the arguments made by Local 25 on this issue in its Memorandum in
Opposition to Plaintiff's Motion for a New Trial.

exceptional cases." *Id. citing Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 940 (1st Cir. 1995).

Thus, in the face of a failure to object, the First Circuit Court of Appeals will review a jury instruction only for plain error – which is "a rare species in civil litigation" and is "reserved for the most egregious circumstances." *Id. citing Smith v. Kmart Corp.*, 177 F.3d. 19, 26 (1st Cir. 1999); *Diefenbach*, 299 F.3d at 33. In order to establish "plain error," Plaintiff bears the heavy burden of proving that: "(1) an error was committed; (2) the error was 'plain' (i.e. obvious and clear under current law); (3) the error was prejudicial (i.e. affected substantial rights); and (4) review is needed to prevent a miscarriage of justice." *Id. citing Kmart Corp.*, 177 F.3d. 19. As it relates to the fourth prong, Plaintiff must show that the error "seriously impacted the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Plaintiff cannot carry his burden of proof. First, and as even the Plaintiff concedes, the Court's instruction properly set forth the controlling principles of law. As established above, in order to prevail on his hybrid §301 claim, Plaintiff must establish *both* that New Penn breached the collective bargaining agreement *and* that Local 25 breached its duty of fair representation. Plaintiff's failure to prove a breach by both parties "dooms the cause of action in its entirety." *Ely, supra.* Thus, contrary to Plaintiff's assertion otherwise, there is no "scenario" under which Plaintiff could prevail on his hybrid §301 claim without a breach by both New Penn and Local 25. (*See* Plaintiff's Memorandum in Support at p. 12).

Second, even if the Court's instruction was somehow erroneous (which it was not), the record is devoid of any evidence to suggest, much less establish, that a different

instruction would have changed the outcome at trial. *First Act, Inc. v. Brook Mays Music Co., Inc.*, 429 F.Supp.2d 429 (D.C. Mass. 2006)("[e]ven if the objecting party shows the Court misstated the law, a new trial can be granted only if the Court's error affected the outcome of the trial"). To the contrary, Plaintiff himself argues that *Local 25* was required, but failed, to provide New Penn with a terminal call list identifying Plaintiff's name and terminal preference by the March 1, 2002 deadline. In so doing, Plaintiff concedes that New Penn did not violate the applicable CBA, which necessarily defeats his hybrid §301 claim in its entirety. Accordingly, even if the Court's jury instruction was somehow erroneous, the outcome at trial would have been the same. Because Plaintiff is unable to demonstrate any error – much less "plain error" -- in connection with the Court's given jury instruction, the jury's verdict should stand.

## CONCLUSION

For all of the foregoing reasons, Defendant New Penn Motor Express, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion for a New Trial. This Court properly directed a verdict in favor of New Penn because the evidence establishes as a matter of law that New Penn did not breach the applicable collective bargaining agreement. Moreover, Plaintiff's failure to properly preserve his objection to the subject jury instruction at trial and his failure to demonstrate "plain error" in connection therewith constitutes a waiver of his right to now object to the Court's given jury charge.

9

Respectfully submitted,

/s/ Carl H. Gluek
T. Merritt Bumpass, Jr. (Ohio Bar # 0015189)
mbumpass@frantzward.com
Carl H. Gluek (Ohio Bar #0029531)
cgluek@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio  44114-1230
(216) 515-1660
(216) 515-1650 (facsimile)

and

Sharon Lahey
slahey@klhboston.com
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts  02110
(617) 338-9300
(617) 338-9911 (facsimile)

*Attorneys for Defendant New Penn Motor Express, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of New Penn's Brief Opposition to Plaintiff's Motion for a New Trial was served upon Scott A. Lathrop, Esq. of Scott A. Lathrop & Associates, Attorney for Plaintiff, 122 Old Ayer Road, Groton, MA 01450 and Kathleen Pennini, Esq. of Dwyer, Duddy, Facklam, Attorney for Teamsters Local 25, One Center Plaza, Suite 360, Boston, MA 02108, via electronic filing 17th day of July 2006.

/s/ Carl H. Gluek_____
Attorney for Defendants